**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
DAVID R. STICKNEY (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

-and-

MARK LEBOVITCH
(markl@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CITY OF SUNRISE FIREFIGHTERS' PENSION FUND, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

ORACLE CORPORATION, SAFRA A. CATZ, MARK HURD, LAWRENCE J. ELLISON, THOMAS KURIAN, KEN BOND, and STEVE MIRANDA,

Defendants.

Case No. 5:18-cv-04844-BLF

CLASS ACTION

**NOTICE OF MOTION AND MOTION OF UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: April 11, 2019
Time: 9:00 a.m.
Dept.: Courtroom 3, 5th Floor
Judge: Honorable Beth Labson Freeman

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

NOTICE OF MOTION AND MOTION ........ 1

STATEMENT OF ISSUES ........ 2

MEMORANDUM OF POINTS AND AUTHORITIES ........ 2

I. PRELIMINARY STATEMENT ........ 2

II. SUMMARY OF THE PENDING ACTIONS ........ 4

III. ARGUMENT ........ 5

A. Union Is The Most Adequate Plaintiff ........ 5

1. Union's Motion Is Timely ........ 5

2. Union Has The Largest Financial Interest In The Relief Sought By The Class ........ 5

3. Union Otherwise Satisfies The Requirements Of Rule 23 ........ 6

B. Union Selected Well-Qualified Lead Counsel To Represent The Class ........ 7

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ....................5

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ....................7

*Cohen v. United States Dist. Ct. for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ....................8

*In re Extreme Networks Inc. Sec. Litig.*,
No. 15-cv-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) ....................6

*Krieger v. Atheros Commc'ns, Inc.*,
No. 11-CV-00640-LHK, 2011 WL 6153154 (N.D. Cal. Dec. 12, 2011) ....................6

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(A)(i) ....................5

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ....................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ....................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................8

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ....................6

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ....................7

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 9:00 a.m. on April 11, 2019, or on a date and at a time set by the Court, before the Honorable Beth Labson Freeman, at the United States District Court for the Northern District of California, located at the San Jose Courthouse, 280 South 1st Street, Courtroom 3 – 5th Floor, San Jose, California, Union Asset Management Holding AG ("Union") will respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Union as Lead Plaintiff in the above-captioned action; (2) approving Union's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) for such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Union believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Union believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the significant losses that Union incurred on its investments in the common stock of Oracle Corporation ("Oracle" or the "Company"). Union also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of David R. Stickney filed herewith (the "Stickney Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Union respectfully requests that the Court: (1) appoint Union as Lead Plaintiff in the above-captioned action pursuant to the PSLRA; (2) approve Union's selection of Bernstein Litowitz to serve as Lead Counsel for the Class; and (3) grant such further relief as the Court may deem just and proper.

## STATEMENT OF ISSUES

1. Whether Union is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether to approve Union's selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

On August 10, 2018, Plaintiff City of Sunrise Firefighters' Pension Fund ("City of Sunrise") filed the above-captioned securities class action alleging that Oracle and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the action alleges that between May 10, 2017 and March 19, 2018, inclusive (the "Class Period"), Defendants misrepresented Oracle's revenue growth within its cloud segment and the drivers of that growth. Oracle investors, including Union, incurred significant losses when it was revealed that the Company's improper sales tactics—which included threats and extortion—had concealed the lack of real demand for Oracle's cloud services and that revenue growth in the cloud segment had stagnated.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant that has the "largest financial interest" in the relief sought by the Class in this litigation and that makes a *prima facie* showing that it is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Union believes that it has the largest financial interest in this action by virtue of its substantial purchases of Oracle common stock during the Class Period. Specifically, Union incurred losses of approximately ***$15.2 million*** when calculated on a first-in, first-out

("FIFO") basis and approximately ***$7.8 million*** when calculated on a last-in, first-out ("LIFO") basis on purchases of over 4.3 million shares of Oracle common stock.[1]

In addition to asserting the largest financial interest, Union readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Indeed, Union is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation, and it has experience serving as Lead Plaintiff in other complex securities class actions and supervising the work of outside counsel. Further, Union fully understands the Lead Plaintiff's obligations to the Class under the PSLRA given its past involvement serving as Lead Plaintiff in other securities class actions, and it is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this action. Accordingly, Union has both the incentive and ability to supervise and monitor counsel.

Union believes that the effective prosecution of this action will be ensured by its selection of Bernstein Litowitz as Lead Counsel for the Class. Union selected Bernstein Litowitz, in substantial part, based on its prior experience with the firm and the firm's established track record of achieving substantial recoveries for the benefit of investors. Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on Union's financial interest in the outcome of this action, its commitment to act in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Union respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

---

[1] Union is an institutional asset manager, which manages investment assets through separate funds and is authorized to bring legal action on their behalf. Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of the funds' claims. *See* Stickney Decl., Ex. A. As such, references to Union's financial interest include that of Union and the funds. Union's PSLRA-required Certification is attached as Exhibit B to the Stickney Decl. Charts setting forth calculations of Union's losses are attached as Exhibit C to the Stickney Decl.

## II. SUMMARY OF THE PENDING ACTION

Oracle is one of the world's largest software companies. The Company develops database software and technology, cloud engineered systems, and enterprise software products. Historically, Oracle's revenues were driven by the sale of the Company's on-premises software services, but those revenues have stagnated in recent years as customers shifted to cloud-based programs. Initially hesitant to enter the cloud storage business, Oracle began to rapidly expand its cloud offerings as the market became more mainstream. However, as a late comer to the cloud space, the Company had ceded significant market share to its competitors.

The action alleges that, throughout the Class Period, Defendants repeatedly touted the revenue growth within Oracle's cloud segment and the drivers of that growth. Specifically, Defendants falsely attributed the Company's revenue growth in its cloud segment to a variety of legitimate business practices, including Oracle's "unprecedented level of automation and cost savings," as well as the Company being "customer-focused" and "intimate partners with our customer." In truth, Oracle drove sales of its cloud products using threats and extortive tactics which included, for example, threatening current customers with "audits" of their use of the Company's non-cloud software licenses unless the customers agreed to shift their business to Oracle cloud programs. The use of such tactics concealed the lack of demand for Oracle's cloud services, making the growth unsustainable and ultimately driving away customers. As a result of these misrepresentations, Oracle's common stock traded at artificially inflated prices throughout the Class Period.

The truth was revealed on March 19, 2018, when the Company disclosed that cloud revenue growth had stagnated and forecasted significantly slower sales growth for its cloud business than its competitors. Following these disclosures, analysts connected Oracle's poor financial performance to its improper sales tactics. In addition, Gartner, Inc.—a leading research and advisory company—observed that Oracle had to rely on coercive practices because its cloud-based offering is a "bare-bones minimum viable product." These revelations caused Oracle shares to decline by $4.90 per share, or nearly 9.5%—the Company's largest single-day stock drop in over five years.

## III. ARGUMENT

### A. Union Is The Most Adequate Plaintiff

Union respectfully submits that it is entitled to be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria."). As set forth below, Union believes it is the "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

#### 1. Union's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On August 10, 2018, City of Sunrise filed the above-captioned securities class action in this District. That same day, counsel for City of Sunrise, Bernstein Litowitz, published a notice on *PRNewswire*, which alerted investors to the pendency of the above-captioned action and informed them that the deadline to seek appointment as Lead Plaintiff is October 9, 2018. *See* Stickney Decl., Ex. D. Accordingly, Union has timely moved for appointment as Lead Plaintiff through the filing of this Motion.

#### 2. Union Has The Largest Financial Interest In The Relief Sought By The Class

Union is entitled to be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Union incurred losses of approximately $15.2 million as calculated on a FIFO basis, and approximately $7.8 million as calculated on a LIFO basis, from its Class Period purchases of over 4.3 million shares of Oracle common stock. *See* Stickney Decl., Exs. B-C. To the best of Union's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Union has the largest financial interest of any

qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. <u>Union Otherwise Satisfies The Requirements Of Rule 23</u>

In addition to possessing the largest financial interest in the outcome of the litigation, Union otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing that it satisfies the typicality and adequacy requirements of [Rule] 23." *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011) (citation omitted). Here, Union indisputably satisfies the typicality and adequacy requirements.

Union's claims are typical of the claims of other purchasers of Oracle common stock. "The putative lead plaintiff satisfies the typicality requirement when it has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Extreme Networks Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2016 WL 3519283, at *3 (N.D. Cal. June 28, 2016) (citation omitted) (Freeman, J.). Here, Union's claims and the claims of all other Class members arise from the same course of conduct and their legal arguments to prove Defendants' liability are nearly identical. Indeed, like all other Class members, Union (1) purchased Oracle common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed. *See id.* (finding typicality requirement met when proposed Lead Plaintiff "purchased shares of [defendant corporation] during the specified class period, when the company's share prices were alleged to have been artificially inflated by Defendants' misrepresentations" and "like all other members of the putative class, suffered damages when those misrepresentations came to light"). As such, Union is a typical Class representative.

Union similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy asks whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of

the class.'" *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (citation omitted). Union satisfies these elements because its substantial financial stake in the litigation provides the incentive to vigorously represent the Class' claims. Union's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Union and other Class members.

Further, based on its past experience serving as Lead Plaintiff, Union is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. For example, Union currently serves as Lead Plaintiff in *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.), in which it—with Bernstein Litowitz as Lead Counsel—recently achieved a $480 million recovery for investors (pending court approval). Union also served as a Lead Plaintiff in *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.), which resulted in an $85 million recovery for the class.

Moreover, Union—a large, sophisticated institutional investor responsible for managing approximately $395 billion in assets—is exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Finally, Union has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Thus, as demonstrated herein, Union is a paradigmatic Lead Plaintiff contemplated by the PSLRA.

**B. <u>Union Selected Well-Qualified Lead Counsel To Represent The Class</u>**

Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and that selection is to be honored unless it is necessary

to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. United States Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Stickney Decl., Ex. E. Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest ever recovery in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (representing Union as Lead Plaintiff and recovering $480 million, pending court approval); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-0832 (N.D. Cal.) (recovering $173 million for investors); and *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376-LHK (N.D. Cal.) (recovering $125 million for investors).

Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the reasons discussed above, Union respectfully requests that the Court appoint it Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class, and grant such further relief as the Court may deem just and proper.

Dated: October 9, 2018

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ David R. Stickney*
DAVID R. STICKNEY

David R. Stickney (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

-and-

MARK LEBOVITCH
(markl@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ David R. Stickney*
DAVID R. STICKNEY

David R. Stickney (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*