UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SUNRISE FIREFIGHTERS' PENSION FUND, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-04844-BLF<br><br>**ORDER GRANTING UNION ASSET MANAGEMENT HOLDING AG'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>[Re: ECF 17] |

Before the Court is Plaintiff Union Asset Management Holding AG's ("Union") Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel ("Motion"). Motion, ECF 17. No other class member filed a motion for appointment as Lead Plaintiff. *See* Notice of Non-Opposition at 1, ECF 21. The deadline to oppose Union's motion having passed, Union's motion is unopposed. *Id.* Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and hereby VACATES the hearing scheduled for April 11, 2019. For the reasons stated herein, the Court GRANTS Union's motion.

**I.   BACKGROUND**

On August 10, 2018, Plaintiff City of Sunrise Firefighters' Pension Fund ("City of Sunrise") filed this putative securities class action lawsuit against Defendants Oracle Corporation ("Oracle"), Safra A. Catz, Mark Hurd, Lawrence J. Ellison, Thomas Kurian, Ken Bond, and Steve Miranda. Compl., ECF 1. City of Sunrise brings this lawsuit on behalf of purchases of Oracle stock between May 10, 2017 and March 19, 2018 ("the Class Period"), alleging that Defendants misrepresented Oracle's revenue growth within its cloud segment and the drivers of that growth. *See* Compl. ¶¶ 2–6. According to the complaint, Oracle investors (including Union, *see* Motion at

1) incurred significant losses when it was revealed that Oracle's improper sales tactics had concealed the lack of real demand for Oracle's cloud services and that revenue growth in the cloud segment had stagnated. *Id.* ¶¶ 5–6. Specifically, the complaint alleges that when "[t]he truth was revealed" regarding Oracle's actual cloud revenue growth, these "revelations caused Oracle shares to decline by $4.90 per share, or nearly 9.5%—[Oracle's] largest single-day stock drop in over five years." *Id.* ¶ 6.

As a result, City of Sunrise filed the instant lawsuit for violations of the Securities Exchange Act of 1934 on behalf of all persons who purchased Oracle Stock during the Class Period. *Id.* ¶ 2. On October 9, 2018, Union filed this motion seeking appointment as lead plaintiff and approval of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as lead counsel for the class. No other plaintiffs have sought to be named lead plaintiff, and no other law firms have sought to be named lead counsel.

## II. LEGAL STANDARD

### A. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id.* It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must

compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id*. If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.; see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

### B. Lead Counsel

Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

## III. ANALYSIS

### A. Procedural Requirements

Pursuant to the PSLRA, Bernstein Litowitz (on behalf of City of Sunrise) published notice of the pending action on August 10, 2018, the same date that the complaint was filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Stickney Decl. Ex. D, ECF 17-6. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id.* Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. §

3

78u–4(a)(3)(A).

As noted above, Union then filed this motion on October 9, 2018, the last day within the 60-day deadline. Union has therefore met the statutory notice requirements.

### B. Financial Interest

The Court must next determine whether Union qualifies as the most adequate plaintiff. To make this determination, the Court must first consider Union's financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730. Union has submitted charts setting forth calculations of Union's alleged losses, totaling approximately $15.2 million when calculated on a FIFO basis and approximately $7.8 million when calculated on a LIFO basis. *See* Stickney Decl. Ex. C, ECF 17-5; Motion at 1.

Because Union was the only movant for appointment as lead counsel and the motion is unopposed, Union is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See* Notice of Non-Opposition at 1, ECF 21; *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) (quoting *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005)) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.").

### C. Rule 23 Requirements

Having determined that Union is the prospective lead plaintiff with the greatest financial stake in this litigation, the Court must next consider whether Union satisfies the typicality and adequacy requirements of Rule 23(a).[1] "When the court makes [this] initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Cavanaugh*, 306 F.3d at 730. As such, Union need only make a *prima facie* showing that it satisfies the Rule 23 requirements of typicality and

---

[1] Federal Rule of Civil Procedure 23(a) sets forth four requirements for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). At the appointment of lead plaintiff stage, courts need only consider typicality and adequacy, as the failure to satisfy numerosity or commonality would preclude certifying a class action at all. *Cavanaugh*, 306 F.3d at 730 n.5.

4

adequacy. *See id.* at 731.

In determining whether typicality is satisfied, a Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In this case, like all other members of the purported class, Union purchased Oracle stocks during the Class Period, when Oracle's stock prices were allegedly artificially inflated by Defendants' misrepresentations and/or omissions, and Oracle allegedly suffered damages when those misrepresentations and/or omissions came to light. *See generally* Compl.; *see also* Motion at 1. Union's claims thus appear to be typical, if not identical, to the claims of other members of the putative class.

The test for adequacy asks whether the lead plaintiff and its counsel "have any conflicts of interest with other class members" and whether the lead plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between Union and other class members and Union's diligence in seeking appointment as lead plaintiff suggests that Union and its counsel will prosecute this action vigorously. Thus, Union has made a *prima facie* showing of typicality and adequacy, as required at this stage, and the Court finds that Union qualifies as the presumptively most adequate plaintiff under the PSLRA.

### D. Opportunity to Rebut

Union's Motion is unopposed and no member of the purported plaintiff class has provided proof that Union "will not fairly and adequately protect the interests of the class" or that Union "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, the Court APPOINTS Union to serve as lead plaintiff.

### E. Lead Counsel

No parties have objected to Union's selection of Bernstein Litowitz as counsel. The Court has reviewed the firm's resume, Stickney Decl. Ex. E, ECF 17-7, and is satisfied that Union has made a reasonable choice of counsel. Accordingly, the Court APPROVES Union's selection of

Bernstein Litowitz as lead counsel.

## IV. CONCLUSION

For the foregoing reasons, Union's Motion at ECF 17 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge

6