JORDAN ETH (CA SBN 121617)
JEth@mofo.com
MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
ROBERT W. MAY (CA SBN 295566)
RMay@mofo.com
DAVID J. WIENER (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
ORACLE CORPORATION, SAFRA A. CATZ, PAULA R. HURD, AS TRUSTEE OF THE HURD FAMILY TRUST, LAWRENCE J. ELLISON and KEN BOND

DORIAN DALEY (CA SBN 129049)
Dorian.Daley@oracle.com
PEGGY BRUGGMAN (CA SBN 184176)
Peggy.Bruggman@oracle.com
JAMES C. MAROULIS (CA SBN 208316)
Jim.Maroulis@oracle.com
500 Oracle Parkway
Mail Stop 5OP7
Redwood City, California 94065
Telephone: 650.506.5200
Facsimile: 650.506.7114

Attorneys for Defendant
ORACLE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ORACLE CORPORATION SECURITIES LITIGATION | Case No. 5:18-cv-4844-BLF<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendants Oracle Corporation ("Oracle"), and Safra A. Catz, Paula R. Hurd, as Trustee of the Hurd Family Trust, Lawrence J. Ellison, and Ken Bond (the "Individual Defendants," and collectively, with Oracle, the "Defendants"), through their counsel, hereby submit their Answer, Demand for Jury Trial, and Affirmative Defenses in response to Lead Plaintiffs Union Asset Management Holding AG's Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint").

Defendants state that the table of contents and the headings and sub-headings throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is deemed required, Defendants deny the allegations contained in the table of contents and headings and subheadings in the Complaint.

Defendants state that many of the allegations are based on the opinions and subjective experiences and observations of anonymous former employees who allegedly provided vague, ambiguous, and imprecise information to Plaintiffs' counsel and that Defendants lack sufficient knowledge or information to agree with or admit the information, characterizations, opinions, or expressions of belief that are expressly or implicitly attributed to or drawn from the communications between those anonymous former employees and Plaintiffs' counsel and accordingly deny all allegations that appear to be based upon or drawn from such communications.

To the extent Defendants use terms in this Answer defined in the Complaint, that use is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the defined terms.

Unless otherwise indicated, the statements herein pertain to the period between March 15, 2017 to June 19, 2018.

The Court's March 22, 2021 Order Granting In Part And Denying In Part Defendants' Motions to Dismiss (ECF 84) (the "Dismissal Order") significantly narrowed the matters at issue in this action. Accordingly, Defendants' Answer is subject to and qualified by the Court's rejection of all allegations, theories, and claims other than the "narrow omission theory of securities fraud" sustained by the Court as to certain enumerated challenged statements. (*See,*

*e.g.*, Dismissal Order at 35 & n.19, 54.)

Except as expressly admitted, Defendants deny each and every allegation contained in the Complaint.

Answering the allegations on page 1 of the Complaint, Defendants state that the allegations on page 1 consist of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations on page 1 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations on page 1 of the Complaint.

1. Answering paragraph 1, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Answering paragraph 2, Defendants state that paragraph 2 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 2 are deemed factual allegations to which a response is required, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 2 that are inconsistent with such historical information. Defendants also admit that Oracle conducted an earnings conference call on or about June 19, 2018. To the extent that paragraph 2 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Answering paragraph 3, Defendants state that paragraph 3 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 3 are deemed factual allegations to which a response is required, Defendants admit that Oracle's product offerings include "on-premises" and "cloud" offerings. Except as expressly admitted, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Answering paragraph 4, Defendants admit that Lawrence Ellison ("Ellison") discussed cloud computing at the annual Oracle OpenWorld conference in September 2008. To

the extent that paragraph 4 refers to statements made at that conference, Defendants respectfully refer the Court to the transcript of that conference for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Answering paragraph 5, Defendants admit that DIGIMONICA published a webpage on or about January 24, 2017, entitled *Oracle Cloud World epiphany: Focusing on applications and data, not infrastructure. Yet*. To the extent paragraph 5 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Answering paragraph 6, Defendants admit that Oracle conducted an earnings conference call on or about March 15, 2016. To the extent the allegations in paragraph 6 refers to information that was disclosed in that call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Answering paragraph 7, Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Answering paragraph 8, Defendants admit that Oracle filed a Form 8-K with the SEC on or about March 15, 2017, which disclosed that Oracle's total cloud revenues were $1.2 billion for Q3 2017. Defendants further admit that Oracle conducted earnings conference calls on or about March 15, 2017, that Oracle conducted an investor Q&A on or about November 7, 2017, and that, on or about October 5, 2017, Oracle conducted a conference call for financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 8 refers to information that was disclosed in that Form 8-K, those conference calls, or that Q&A, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Answering paragraph 9, Defendants admit that Oracle conducted an investor Q&A on or about May 9, 2017. Defendants further admit that LIGHT READING published a webpage about Oracle on or about May 22, 2018. To the extent paragraph 9 refers to information that was disclosed in that Q&A or webpage, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Answering paragraph 10, Defendants admit that William Blair published a report about Oracle on or about June 22, 2017, that Macquarie Research published a report about Oracle on or about June 22, 2017, and that Barron's published a report about Oracle on or about June 26, 2017. To the extent paragraph 10 refers to information that appears in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Answering paragraph 11, Defendants admit that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 11 that are inconsistent with such historical information. Defendants also admit that DOW JONES INSTITUTIONAL NEWS published an article on or about June 22, 2017, entitled *Oracle Closes the GAAP*. To the extent paragraph 11 refers to information that appears in that article, Defendants respectfully refer the Court to that article for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Answering paragraph 12, Defendants state that paragraph 12 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 12 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 12 of the Complaint.

13. Answering paragraph 13, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 13 of the Complaint.

14. Answering paragraph 14, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Thomas Kurian ("Kurian") emailed certain Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 14 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Answering paragraph 15, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 15 of the Complaint.

16. Answering paragraph 16, Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Answering paragraph 17, Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Answering paragraph 18, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 18 of the Complaint.

19. Answering paragraph 19, Defendants state that paragraph 19 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 19 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding

what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that an individual named Rich Geraffo was Executive Vice President of North America Technology Sales at Oracle until October 9, 2020. Except as expressly admitted, Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Answering paragraph 20, Defendants state that paragraph 20 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 20 are deemed factual allegations to which a response is required, Defendants deny those allegations.

21. Answering paragraph 21, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 21 of the Complaint.

22. Answering paragraph 22, Defendants state that paragraph 22 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 22 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about March 19, 2018, which disclosed that Oracle's total cloud revenues were $1.6 billion for Q3 2018. To the extent that paragraph 22 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the Court to that Form 8-K for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Answering paragraph 23, Defendants admit that FORBES published a post about Oracle on or about May 21, 2018. To the extent paragraph 23 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Answering paragraph 24, Defendants state that historical information regarding the prices at which Oracle's stock was traded is publicly available, and deny any allegations in paragraph 24 that are inconsistent with such historical information. Defendants deny any remaining allegations in paragraph 24 of the Complaint.

25. Answering paragraph 25, Defendants admit that Oracle conducted an earnings conference call on or about June 19, 2018. To the extent that paragraph 25 refers to information that was disclosed in that call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Answering paragraph 26, Defendants admit that William Blair published a report about Oracle on or about June 20, 2018, that RBC Capital Markets published a report about Oracle on or about June 19, 2018, and that Oppenheimer published a report about Oracle on or about June 20, 2018. To the extent paragraph 26 refers to information that appears in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Answering paragraph 27, Defendants state that paragraph 27 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 27 are deemed factual allegations to which a response is required, Defendants admit that UpperEdge published a webpage about Oracle on or about June 27, 2018. To the extent paragraph 27 refers to information that appears in that webpage, respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Answering paragraph 28, Defendants state that historical information regarding the prices at which Oracle's stock was traded is publicly available, and deny any allegations in paragraph 28 that are inconsistent with such historical information. Defendants deny any remaining allegations in paragraph 28 of the Complaint.

29. Answering paragraph 29, Defendants state that paragraph 29 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 29 are deemed factual allegations to which a response is required, Defendants deny those allegations.

30. Answering paragraph 30, Defendants state that paragraph 30 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 30 are deemed factual allegations to which a response is required, Defendants admit that Oracle's headquarters was previously located at 500 Oracle Parkway, Redwood City, California. Defendants further admit that Oracle conducts business within the jurisdiction of the United States District Court, Northern District of California. Except as expressly admitted, Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Answering paragraph 31, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 31 of the Complaint. Defendants also state that paragraph 31 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 31 are deemed factual allegations to which a response is required, Defendants deny those allegations.

32. Answering paragraph 32, Defendants admit that Oracle is incorporated in Delaware and its headquarters was previously located at 500 Oracle Parkway, Redwood City, California. Defendants further admit that Oracle's common stock is listed on the New York Stock Exchange ("NYSE") under the ticker symbol "ORCL." Defendants state that whether the market for Oracle securities is an "efficient market" is a legal argument, characterization, or conclusion to which no response is required. Defendants also admit that, as disclosed in a Form 10-Q filed with the SEC on or about December 19, 2018, that as of December 14, 2018, there were 3,588,919,000 shares outstanding. Except as expressly admitted, Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Answering paragraph 33, Defendants admit that Safra A. Catz ("Catz") was Oracle's Chief Executive Officer and a member of Oracle's board of directors. Defendants

further admit that Catz has previously served as the president of Oracle and as Chief Financial Officer. Defendants also admit that Catz signed Oracle's Form 10-K filed with the SEC on or about June 27, 2017, and that Catz signed Oracle's Form 10-Qs filed with the SEC on or about March 17, 2017, on or about September 18, 2017, on or about December 18, 2017, and on or about March 21, 2018. Except as expressly admitted, Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Answering paragraph 34, Defendants admit that Mark Hurd ("Hurd") was Oracle's Chief Executive Officer and a member of Oracle's board of directors until his death in 2019. Defendants further admit that Hurd previously served as the president of Oracle from 2010 to 2014. Defendants also admit that Hurd signed Oracle's Form 10-K filed with the SEC on or about June 27, 2017, and that Hurd signed Oracle's Form 10-Qs filed with the SEC on or about March 17, 2017, on or about September 18, 2017, on or about December 18, 2017, and on or about March 21, 2018. Except as expressly admitted, Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Answering paragraph 35, Defendants admit that Ellison is Oracle's Chief Technology Officer and Chairman of Oracle's board of directors. Defendants further admit that Ellison founded Oracle in 1977 and previously served as Oracle's CEO. Defendants admit that Oracle filed a proxy statement for its Annual Meeting of Stockholders in 2014 with the SEC on or about September 23, 2014. Defendants also admit that Catz discussed Oracle at ICON's 5th Annual Conference on or about October 10, 2018. To the extent that paragraph 35 refers to information contained in that proxy statement or discussion, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Answering paragraph 36, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 36 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 36 are deemed factual allegations to which

a response is required, Defendants admit that Kurian was President of Product Development at Oracle. Except as expressly admitted, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Answering paragraph 37, Defendants admit that Ken Bond is Oracle's Senior Vice President of Investor Relations. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38. Answering paragraph 38, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Steve Miranda ("Miranda") with prejudice. Therefore, the allegations contained in paragraph 38 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 38 are deemed factual allegations to which a response is required, Defendants admit that Miranda was Executive Vice President of Oracle Applications Product Development. Except as expressly admitted, Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Answering paragraph 39, Defendants state that paragraph 39 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 39 are deemed factual allegations to which a response is required, Defendants deny those allegations.

40. Answering paragraph 40, Defendants admit that Oracle offers cloud-based and on-premises products and services. Except as expressly admitted, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Answering paragraph 41, Defendants admit that Oracle offers cloud-based and on-premises products and services. Except as expressly admitted, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Answering paragraph 42, Defendants admit that INFOWORLD published a webpage on or about July 21, 2008, entitled *Cloud versus cloud: A guided tour of Amazon, Google, AppNexus, and GoGrid,* that NETWORKWORLD published a webpage on or about May 18, 2009, entitled *10 cloud computing companies to watch*, and that FORBES published an article on or about June 4, 2010, entitled *In Pictures: 10 Cloud Computing Leaders.* To the extent paragraph

42 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Answering paragraph 43, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Answering paragraph 44, Defendants admit that Ellison discussed cloud computing at the annual Oracle OpenWorld conference in September, 2008. Defendants further admit that SEEKING ALPHA published an article about Oracle on or about October 1, 2009. To the extent that paragraph 44 refers to statements made at that conference or information that appears in that article, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Answering paragraph 45, Defendants admit that FORBES published an article on or about September 27, 2011, entitled *Is the cloud the ultimate disruptive innovation?* To the extent that paragraph 44 refers to information that appears in that article, Defendants respectfully refer the Court to that article for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Answering paragraph 46, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 46 of the Complaint.

47. Answering paragraph 47, Defendants admit that Oracle filed a Form 8-K with the SEC on or about September 16, 2015, which disclosed that Oracle's total revenues were $8.4 billion and new software license sales totaled $1.2 billion for Q1 2016. Defendants admit that, on or about June 22, 2016, Oracle filed its Annual Report for FY 2016 with the SEC as Form 10-K. Defendants further admit that FOX BUSINESS published an article about Oracle on or about September 16, 2015. To the extent that paragraph 47 refers to information that appears in that

Form 8-K, that Form 10-K, or that article, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Answering paragraph 48, Defendants admit that CNBC broadcast an interview with Hurd on or about October 26, 2015. Defendants also admit that Oracle conducted an earnings conference call on or about March 15, 2016. To the extent the allegations in paragraph 48 refers to information that was disclosed in that interview or call, Defendants respectfully refer the Court to the transcripts of that interview and call for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Answering paragraph 49, Defendants admit that USA TODAY published an article on or about April 27, 2017, entitled *Oracle's Mark Hurd builds a cloud arsenal to take on Amazon*. Defendants also admit that DIGIMONICA published a webpage on or about January 24, 2017, entitled *Oracle Cloud World epiphany: Focusing on applications and data, not infrastructure. Yet*. To the extent paragraph 49 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Answering paragraph 50, Defendants admit that Oracle filed a Form 8-K with the SEC on or about September 15, 2016, which disclosed that Oracle's total cloud infrastructure as a service revenues were $171 million for Q1 2017. Defendants also admit that Morningstar published a report about Oracle on or about June 22, 2017, and that Deutsche Bank published a report about Oracle on or about September 16, 2016. To the extent that paragraph 50 refers to information that appears in that Form 8-K or in those reports, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Answering paragraph 51, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants, and on that basis deny such allegations.

52. Answering paragraph 52, Defendants admit that Oracle LMS is responsible for, among other things, conducting audits of Oracle's licensees. Defendants further state that any right to audit and the specific terms of any such right are governed by customers' contracts, which contracts speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Answering paragraph 53, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 53 of the Complaint and on that basis deny the allegations in paragraph 53.

54. Answering paragraph 54, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 54 of the Complaint and on that basis deny the allegations in paragraph 54.

55. Answering paragraph 55, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants admit that an individual named Debbie Wynne-Owen is currently employed as Senior Director of LMS Operations at Oracle. Defendants admit that Clear Licensing posted a document to its website about Oracle in November 2014. To the extent that paragraph 55 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Answering paragraph 56, Defendants admit that Clear Licensing posted a document to its website on or about January 6, 2015, entitled *Open letter: To Larry Ellison and the board of directors at Oracle.* To the extent that paragraph 56 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its

complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Answering paragraph 57, Defendants admit that Clear Licensing posted a document to its website on or about January 6, 2015, entitled *Open letter: To Larry Ellison and the board of directors at Oracle*. To the extent that paragraph 56 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Answering paragraph 58, Defendants admit that Clear Licensing posted a document to its website on or about January 6, 2015, entitled *Open letter: To Larry Ellison and the board of directors at Oracle*, that SCOTT & SCOTT LLP published a post about Oracle on or about December 23, 2015, and that INFORMATIONWEEK published a webpage about Oracle on or about January 6, 2015. To the extent that paragraph 58 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Answering paragraph 59, Defendants admit that FORBES published a post about Oracle on or about June 18, 2015. To the extent that paragraph 59 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Answering paragraph 60, Defendants admit that CRN published a webpage about Oracle on or about June 23, 2015. To the extent that paragraph 60 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 59 of the Complaint.

61. Answering paragraph 61, Defendants admit that CRN published a webpage about Oracle on or about June 23, 2015. To the extent that paragraph 61 refers to information that

appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Answering paragraph 62, Defendants admit that BUSINESS INSIDER published an article about Oracle on or about September 11, 2015. To the extent that paragraph 62 refers to information that appears in that article, Defendants respectfully refer the Court to that article for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Answering paragraph 63, Defendants admit that an individual named Dermot O'Kelly was Senior Vice President, EMEA Cloud Systems for Oracle UK until August 2, 2019. Defendants admit that CLOUDPRO published a webpage on or about January 14, 2016, entitled *Oracle is hiring 1,400 sales staff to drive cloud growth.* To the extent that paragraph 63 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Answering paragraph 64, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations related to the Pacific Square Research report, and on that basis deny the allegations. Defendants deny any remaining allegations in paragraph 64.

65. Answering paragraph 65, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Answering paragraph 66, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Answering paragraph 67, Defendants admit that Oracle filed a Form 8-K with the SEC on or about March 15, 2017, which disclosed that Oracle's total cloud revenues were $1.2 billion for Q3 2017. Defendants further admit that Oracle conducted an earnings conference call on or about March 15, 2017. To the extent that paragraph 67 refers to information that was disclosed in that Form 8-K or in those conference calls, Defendants respectfully refer the Court to

those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Answering paragraph 68, Defendants admit that Macquarie Research published a report about Oracle on or about March 15, 2017, and that Barclays published a report about Oracle on or about March 16, 2017. To the extent paragraph 68 refers to information that appears in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 68 and footnote 15 of the Complaint.

69. Answering paragraph 69, Defendants admit that Oracle issued a press release on or about May 4, 2017, entitled ORACLE CLOUD APPLICATIONS DRIVE BUSINESS TRANSFORMATION AROUND THE WORLD. Defendants also admit that Oracle conducted an investor Q&A on or about November 7, 2017. To the extent that paragraph 69 refers to information that was disclosed in that press release or Q&A, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Answering paragraph 70, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Answering paragraph 71, Defendants admit that Oracle conducted an investor Q&A on or about May 9, 2017. To the extent paragraph 71 refers to information that was disclosed in that Q&A, Defendants respectfully refer the Court to the transcript of that Q&A for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Answering paragraph 72, Defendants admit that BUSINESS INSIDER published an article on or about June 22, 2017, entitled *Oracle's blow-out earnings caused over 20 Wall Street analysts to raise price targets*. Defendants also admit that Macquarie Research published a report about Oracle on or about June 22, 2017, and that William Blair published a report about Oracle

on or about June 22, 2017. To the extent paragraph 72 refers to information that appears in that article or in those reports, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Answering paragraph 73, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 73 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Answering paragraph 74, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 74 of the Complaint.

75. Answering paragraph 75, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the persons referred to as FE 10, or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 75 of the Complaint.

76. Answering paragraph 76, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 76 of the Complaint.

77. Answering paragraph 77, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 77 of the Complaint.

78. Answering paragraph 78, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 78 of the Complaint.

79. Answering paragraph 79, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 79 of the Complaint.

80. Answering paragraph 80, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 80 of the Complaint.

81. Answering paragraph 81, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 81 of the Complaint.

82. Answering paragraph 82, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 82 of the Complaint.

83. Answering paragraph 83, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that an individual named Douglas Kehring is currently employed at Oracle and has been since April 24, 2000. Defendants deny any remaining allegations in paragraph 83 of the Complaint.

84. Answering paragraph 84, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 84 of the Complaint.

85. Answering paragraph 85, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 85 of the Complaint.

86. Answering paragraph 86, Defendants admit that Kurian emailed certain Oracle employees on or about October 19, 2017, regarding Oracle's customer relationship with Rabobank. To the extent paragraph 86 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Answering paragraph 87, Defendants admit that Kurian emailed certain Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 87 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Defendants further state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Answering paragraph 88, Defendants admit that Kurian emailed certain Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 88 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Answering paragraph 89, Defendants admit that Kurian emailed certain Oracle employees on or about October 19, 2017, regarding Oracle's customer relationship with Rabobank. To the extent paragraph 89 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent

characterizations. Defendants further state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Answering paragraph 90, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 90 of the Complaint.

91. Answering paragraph 91, Defendants state that paragraph 91 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 91 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Oracle conducted an earnings conference call on or about March 19, 2018. To the extent that paragraph 91 refers to information that was disclosed in that call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Answering paragraph 92, Defendants state that paragraph 92 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 92 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 92 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete

contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Answering paragraph 93, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 93 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Answering paragraph 94, Defendants admit that, on or about October 25, 2018, Oracle conducted a conference call for financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 94 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Defendants also admit that GARTNER published a research note on or about May 23, 2018, entitled *Magic Quadrant for Cloud Infrastructure as a Service, Worldwide*. To the extent that paragraph 94 refers to information that appears in that report, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Answering paragraph 95, Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Answering paragraph 96, Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Answering paragraph 97, Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Answering paragraph 98, Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Answering paragraph 99, Defendants admit that Deutsche Bank published a report about Oracle on or about March 20, 2018. To the extent paragraph 99 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Answering paragraph 100, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 100 of the Complaint.

101. Answering paragraph 101, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 1, or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Abdulrahman Aldossary was Senior Vice President of Tech Middle East and Africa at Oracle until April 9, 2021, that Alfonso Di Lanni was Senior Vice President of Sales at Oracle until September 30, 2016, and that Loic Le Guisquet was President of EMEA and APAC at Oracle until September 30, 2019. Except as expressly admitted, Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Answering paragraph 102, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 102 of the Complaint.

103. Answering paragraph 103, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 4 or regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 103 of the Complaint.

104. Answering paragraph 104, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 3 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 104 of the Complaint.

105. Answering paragraph 105, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 6 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 105 of the Complaint.

106. Answering paragraph 106, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 11 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 106 of the Complaint.

107. Answering paragraph 107, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 107 of the Complaint.

108. Answering paragraph 108, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 108 of the Complaint.

109. Answering paragraph 109, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 109 of the Complaint.

110. Answering paragraph 110, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 110 of the Complaint.

111. Answering paragraph 111, Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Answering paragraph 112, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 2 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. Answering paragraph 113, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 113 of the Complaint.

114. Answering paragraph 114, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Shawn Price was Senior Vice President of Cloud Go-to-Market and Product Business Groups at Oracle until October 25, 2016 and David Donatelli was Executive Vice President of Cloud Business Group at Oracle until January 6, 2020. Except as expressly admitted, Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Answering paragraph 115, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 115 of the Complaint.

116. Answering paragraph 116, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 116 of the Complaint.

117. Answering paragraph 117, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that William Todd Pound was Senior Vice President, National, East & Canada at Oracle until February 7, 2020. Except as expressly admitted, Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Answering paragraph 118, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 118 of the Complaint.

119. Answering paragraph 119, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 5 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Doug Rhoades was Senior Director of Customer Success at Oracle until November 16, 2017. Except as expressly admitted, Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Answering paragraph 120, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 120 of the Complaint.

121. Answering paragraph 121, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 121 of the Complaint.

122. Answering paragraph 122, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 122 of the Complaint.

123. Answering paragraph 123, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 123 of the Complaint.

124. Answering paragraph 124, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 124 of the Complaint.

125. Answering paragraph 125, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 125 of the Complaint.

126. Answering paragraph 126, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 126 of the Complaint.

127. Answering paragraph 127, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 127 of the Complaint.

128. Answering paragraph 128, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 128 of the Complaint.

129. Answering paragraph 129, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 129 of the Complaint.

130. Answering paragraph 130, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 7 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Natalie Korhonen is currently employed as a Vice President of OD Tech Sales RACE, and Giovanna Sangiorgi is currently employed as a Senior Vice President of Sales at Oracle. Except as expressly admitted, Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Answering paragraph 131, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 131 of the Complaint.

132. Answering paragraph 132, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 132 of the Complaint.

133. Answering paragraph 133, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 133 of the Complaint.

134. Answering paragraph 134, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 134 of the Complaint.

135. Answering paragraph 135, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 135 of the Complaint.

136. Answering paragraph 136, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 8 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 136 of the Complaint.

137. Answering paragraph 137, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 137 of the Complaint.

138. Answering paragraph 138, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations about the identity of the person referred to as FE 5 and FE 9 or regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 138 of the Complaint.

139. Answering paragraph 139, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 139 of the Complaint.

140. Answering paragraph 140, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Oracle conducted an investor Q&A on or about May 9, 2017. To the extent paragraph 140

refers to information that was disclosed in that Q&A, Defendants respectfully refer the Court to the transcript of that Q&A for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 140 of the Complaint.

141. Answering paragraph 141, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 141 of the Complaint.

142. Answering paragraph 142, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 142 of the Complaint.

143. Answering paragraph 143, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 143 of the Complaint.

144. Answering paragraph 144, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 144 of the Complaint.

145. Answering paragraph 145, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Steve McMillan was Senior Vice President of SaaS Customer Success at Oracle until October 6, 2017. Except as expressly admitted, Defendants deny the allegations contained in paragraph 145 of the Complaint.

146. Answering paragraph 146, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 146 of the Complaint.

147. Answering paragraph 147, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 147 of the Complaint.

148. Answering paragraph 148, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 148 of the Complaint.

149. Answering paragraph 149, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 149 of the Complaint.

150. Answering paragraph 150, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 150 of the Complaint.

151. Answering paragraph 151, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 151 of the Complaint.

152. Answering paragraph 152, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 152 of the Complaint.

153. Answering paragraph 153, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

industry participants and on that basis deny such allegations. Defendants admit that Fedrick Filipsson was a Technology Sales Representative at Oracle until May 1, 2015. Except as expressly admitted, Defendants deny the allegations contained in paragraph 153 of the Complaint.

154. Answering paragraph 154, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 154 of the Complaint.

155. Answering paragraph 155, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 155 of the Complaint. Defendants deny any remaining allegations in paragraph 155 of the Complaint.

156. Answering paragraph 156, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 156 of the Complaint. Defendants admit that Richard Spithoven was a Director of License Management at Oracle until August 31, 2013. Except as expressly admitted, Defendants deny the allegations contained in paragraph 156 of the Complaint.

157. Answering paragraph 157, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 157 of the Complaint.

158. Answering paragraph 158, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 158 of the Complaint.

159. Answering paragraph 159, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 159 of the Complaint.

160. Answering paragraph 160, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 160 of the Complaint and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 160 of the Complaint.

161. Answering paragraph 161, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 161 of the Complaint.

162. Answering paragraph 162, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 162 of the Complaint.

163. Answering paragraph 163, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 163 of the Complaint.

164. Answering paragraph 164, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 164 of the Complaint.

165. Answering paragraph 165, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants, and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 165 of the Complaint.

166. Answering paragraph 166, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 166 of the Complaint.

167. Answering paragraph 167, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 167 of the Complaint.

168. Answering paragraph 168, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 168 of the Complaint and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 168 of the Complaint.

169. Answering paragraph 169, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants admit that UPPEREDGE published a webpage about Oracle on or about April 10, 2018. To the extent paragraph 169 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 169 of the Complaint.

170. Answering paragraph 170, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 170 of the Complaint.

171. Answering paragraph 171, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 171 of the Complaint.

172. Answering paragraph 172, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 172 of the Complaint. Defendants admit that Sanjeev Sanotra was Senior LMS Strategic Accounts Consultantat Oracle until September 15, 2014. Except as expressly admitted, Defendants deny the allegations contained in paragraph 172 of the Complaint.

173. Answering paragraph 173, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 173 of the Complaint.

174. Answering paragraph 174, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 174 of the Complaint and on that basis deny such allegations. Defendants admit that GARTNER published a research note on or about May 23, 2018, entitled *Magic Quadrant for Cloud Infrastructure as a Service, Worldwide*. To the extent that paragraph 174 refers to information that appears in that research note, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 174 of the Complaint.

175. Answering paragraph 175, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 175 of the Complaint and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 175 of the Complaint.

176. Answering paragraph 176, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 176 of the Complaint.

177. Answering paragraph 177, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 177 of the Complaint and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 177 of the Complaint.

178. Answering paragraph 178, Defendants admit that THE ITAM REVIEW published a post relating to Oracle on or about January 29, 2020. To the extent paragraph 178 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its

complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 178 of the Complaint.

179. Answering paragraph 179, Defendants admit that THE ITAM REVIEW published a post relating to Oracle on or about January 29, 2020. To the extent paragraph 179 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 179 of the Complaint.

180. Answering paragraph 180, Defendants admit that THE ITAM REVIEW published a post relating to Oracle on or about January 29, 2020. To the extent paragraph 180 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 180 of the Complaint.

181. Answering paragraph 181, Defendants admit that THE ITAM REVIEW published a post relating to Oracle on or about January 29, 2020. To the extent paragraph 181 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 181 of the Complaint.

182. Answering paragraph 182, Defendants admit that THE ITAM REVIEW published a post relating to Oracle on or about January 29, 2020. To the extent paragraph 182 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 182 of the Complaint.

183. Answering paragraph 183, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 183 of the Complaint and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 183 of the Complaint.

184. Answering paragraph 184, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 184 of the Complaint.

185. Answering paragraph 185, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 185 of the Complaint.

186. Answering paragraph 186, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 186 of the Complaint.

187. Answering paragraph 187, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 187 of the Complaint.

188. Answering paragraph 188, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 188 of the Complaint.

189. Answering paragraph 189, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 189 of the Complaint.

190. Answering paragraph 190, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 190 of the Complaint.

191. Answering paragraph 191, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 191 of the Complaint.

192. Answering paragraph 192, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 192 of the Complaint.

193. Answering paragraph 193, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 193 of the Complaint.

194. Answering paragraph 194, Defendants deny the allegations contained in paragraph 194 of the Complaint.

195. Answering paragraph 195, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 195 of the Complaint.

196. Answering paragraph 196, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 196 of the Complaint and on that basis deny those allegations. Defendants deny any remaining allegations contained in paragraph 196 of the Complaint.

197. Answering paragraph 197, Defendants deny the allegations contained in paragraph 197 of the Complaint.

198. Answering paragraph 198, Defendants deny the allegations contained in paragraph 198 of the Complaint.

199. Answering paragraph 199, Defendants admit that Fiscalía Nacional Económica (FNE) is a Chilean regulatory body that is tasked with, among other things, promoting market competition. Except as expressly admitted, Defendants deny the allegations contained in paragraph 199 of the Complaint.

200. Answering paragraph 200, Defendants admit that the Department of Justice issued a press release on or about March 31, 2011, entitled *Department of Justice and Federal Trade Commission Sign Antitrust Cooperation Agreement with Chile.* To the extent that paragraph 200 refers to information that appears in that press release, Defendants respectfully refer the Court to that press release for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 200 of the Complaint.

201. Answering paragraph 201, Defendants admit that the FNE initiated an investigation into the dealings of Oracle Chile S.A. on or about September 11, 2015, and that the FNE documented its findings on or about March 28, 2018. To the extent that paragraph 201 refers to information that appears in that document, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 201 of the Complaint.

202. Answering paragraph 202, Defendants admit that the FNE initiated an investigation into the dealings of Oracle Chile S.A. on or about September 11, 2015, and that the FNE documented its findings on or about March 28, 2018. To the extent that paragraph 202 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 202 of the Complaint.

203. Answering paragraph 203, Defendants admit that the FNE initiated an investigation into the dealings of Oracle Chile S.A. on or about September 11, 2015, and that the FNE published its findings in a report on or about March 28, 2018. To the extent that paragraph 203 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 203 of the Complaint.

204. Answering paragraph 204, Defendants admit that the FNE initiated an investigation into the dealings of Oracle Chile S.A. on or about September 11, 2015, and that the FNE published its findings in a report on or about March 28, 2018. To the extent that paragraph

203 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 203 of the Complaint.

205. Answering paragraph 205, Defendants admit that the FNE published its findings in a report on or about March 28, 2018. To the extent that paragraph 205 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 205 of the Complaint.

206. Answering paragraph 206, Defendants admit that the FNE published its findings in a report on or about March 28, 2018. To the extent that paragraph 206 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 206 of the Complaint.

207. Answering paragraph 207, Defendants admit that the FNE published its findings in a report on or about March 28, 2018. To the extent that paragraph 207 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 207 of the Complaint.

208. Answering paragraph 208, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 208 of the Complaint.

209. Answering paragraph 209, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 209 of the Complaint.

210. Answering paragraph 210, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 210 of the Complaint.

211. Answering paragraph 211, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 211 of the Complaint.

212. Answering paragraph 212, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations contained in paragraph 212 of the Complaint.

213. Answering paragraph 213, Defendants deny the allegations contained in paragraph 213 of the Complaint.

214. Answering paragraph 214, Defendants admit that Trefis published a report about Oracle on or about December 12, 2017. To the extent paragraph 214 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 214 of the Complaint.

215. Answering paragraph 215, Defendants admit that Oracle filed a Form 8-K with the SEC on or about December 14, 2017, which disclosed that Oracle's total cloud revenues were $1.5 billion for Q2 2018. Defendants further admit that Oracle conducted an earnings conference call on or about December 14, 2017. To the extent that paragraph 215 refers to information that was disclosed in that Form 8-K or in that conference call, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 215 of the Complaint.

216. Answering paragraph 216, Defendants admit that BMO Capital Markets published a report about Oracle on or about December 15, 2017, and that MarketWatch published a report about Oracle on or about December 15, 2017. To the extent that paragraph 216 refers to

information that was disclosed in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 216 of the Complaint.

217. Answering paragraph 217, Defendants admit that BUSINESS INSIDER published an article on or about December 15, 2017, entitled *Larry Ellison: Oracle's fancy new 'autonomous' database is coming in January, and it will crush Amazon,* and that JMP published a report about Oracle on or about December 15, 2017. To the extent that paragraph 217 refers to information that was disclosed in that report and article, Defendants respectfully refer the Court to that report and article for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 217 of the Complaint.

218. Answering paragraph 218, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 218 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 218 of the Complaint.

219. Answering paragraph 219, Defendants admit that Oracle filed a Form 8-K with the SEC on or about March 19, 2018, which disclosed that Oracle's total cloud revenues were $1.6 billion for Q3 2018. Defendants further admit that Oracle conducted an earnings conference call on or about March 19, 2018. To the extent that paragraph 219 refers to information that was disclosed in that Form 8-K or in that conference call, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 219 of the Complaint.

220. Answering paragraph 220, Defendants admit that UBS Securities LLC published a report about Oracle on or about March 19, 2018, and that RBC Capital Markets published a report about Oracle on or about March 19, 2018. To the extent that paragraph 220 refers to information that was disclosed in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 220 of the Complaint.

221. Answering paragraph 221, Defendants admit that Deutsche Bank published a report about Oracle on or about March 20, 2018. To the extent that paragraph 221 refers to information that was disclosed in that report, Defendants respectfully refer the Court to that report, and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 221 of the Complaint.

222. Answering paragraph 222, Defendants admit that TECHCRUNCH published a webpage about Oracle on or about March 20, 2018. Defendants further admit that Deutsche Bank published a report about Oracle on or about March 20, 2018, and that JMP published a report about Oracle on or about March 20, 2018. To the extent that paragraph 221 refers to information that was disclosed in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 221 of the Complaint.

223. Answering paragraph 223, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 223 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 223 of the Complaint.

224. Answering paragraph 224, Defendants admit that Oracle conducted an earnings conference call on or about March 19, 2018. To the extent that paragraph 224 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 224 of the Complaint.

225. Answering paragraph 225, Defendants admit that Oracle conducted an earnings conference call on or about March 19, 2018. To the extent that paragraph 225 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 225 of the Complaint.

226. Answering paragraph 226, Defendants admit that Societe Generale published a report about Oracle on or about March 20, 2018 and that Deutsche Bank published a report about Oracle on or about March 20, 2018. To the extent that paragraph 226 refers to information that was disclosed in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 226 of the Complaint.

227. Answering paragraph 227, Defendants state that paragraph 227 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 227 are deemed factual allegations to which a response is required, Defendants admit that FORBES published a post about Oracle on or about May 21, 2018. To the extent paragraph 227 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 227 of the Complaint.

228. Answering paragraph 228, Defendants admit that TECHREPUBLIC published a webpage about Oracle on or about May 29, 2018. To the extent paragraph 228 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 228 of the Complaint.

229. Answering paragraph 229, Defendants admit that THE INFORMATION published a webpage about Oracle on or about May 22, 2018. To the extent paragraph 229 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 229 of the Complaint.

230. Answering paragraph 230, Defendants admit that THE INFORMATION published a webpage about Oracle on or about May 22, 2018. To the extent paragraph 230 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage

for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 230 of the Complaint.

231. Answering paragraph 231, Defendants admit that J.P. Morgan published a report about Oracle on or about June 14, 2018. To the extent paragraph 231 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 231 of the Complaint.

232. Answering paragraph 232, Defendants admit that J.P. Morgan published a report about Oracle on or about June 14, 2018. To the extent paragraph 232 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 232 of the Complaint.

233. Answering paragraph 233, Defendants admit that J.P. Morgan published a report about Oracle on or about June 14, 2018. To the extent paragraph 233 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 233 of the Complaint.

234. Answering paragraph 234, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 234 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 234 of the Complaint.

235. Answering paragraph 235, Defendants admit that Oracle conducted an earnings conference call on or about June 19, 2018. To the extent paragraph 235 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Defendants also admit that Piper Jaffray published a report about Oracle on or about June 20, 2018. To the extent paragraph 235 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent

characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 235 of the Complaint.

236. Answering paragraph 236, Defendants admit that William Blair published a report about Oracle on or about June 20, 2018, that Oppenheimer published a report about Oracle on or about June 20, 2018, and that J.P. Morgan published a report about Oracle on or about June 20, 2018. To the extent paragraph 236 refers to information that appears in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 236 of the Complaint.

237. Answering paragraph 237, Defendants admit that TECHCRUNCH published a webpage about Oracle on or about June 20, 2018. To the extent paragraph 237 refers to information that appears in that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 237 of the Complaint.

238. Answering paragraph 238, Defendants admit that Deutsche Bank published a report about Oracle on or about June 20, 2018. To the extent paragraph 238 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 238 of the Complaint.

239. Answering paragraph 239, Defendants admit that JMP published a report about Oracle on or about June 20, 2018. To the extent paragraph 239 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 239 of the Complaint.

240. Answering paragraph 240, Defendants admit that JMP published a report about Oracle on or about June 20, 2018. To the extent paragraph 240 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and

deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 240 of the Complaint.

241. Answering paragraph 241, Defendants admit that UPPEREDGE published a post about Oracle on or about June 27, 2018. To the extent paragraph 241 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 241 of the Complaint.

242. Answering paragraph 242, Defendants admit that UPPEREDGE published a post about Oracle on or about June 27, 2018. To the extent paragraph 242 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 242 of the Complaint.

243. Answering paragraph 243, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 243 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 243 of the Complaint.

244. Answering paragraph 244, Defendants admit that Oracle filed a Form 8-K with the SEC on or about September 17, 2018, which disclosed that Oracle's total revenues were $9.2 billion for Q1 2019. To the extent that paragraph 244 refers to information that was disclosed in that Form 8-K, Defendants deny any characterizations inconsistent with its contents. Defendants also admit that GARTNER published a research note on or about May 23, 2018, entitled *Magic Quadrant for Cloud Infrastructure as a Service, Worldwide*. To the extent that paragraph 244 refers to information that appears in that report or research note, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations related to the Citi Report, and on that basis deny the allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 244 of the Complaint.

245. Answering paragraph 245, Defendants admit that BLOOMBERG published an article about Oracle on or about October 9, 2019. To the extent that paragraph 245 refers to information that appears in that article, Defendants respectfully refer the Court to that article for its complete contents and deny any inconsistent characterizations. Defendants admit that Amit Zavery was Executive Vice President, Fusion Middleware and PaaS Development at Oracle until March 8, 2019. Except as expressly admitted, Defendants deny the allegations contained in paragraph 245 of the Complaint.

246. Answering paragraph 246, Defendants admit that Oracle filed a Form 8-K with the SEC on or about September 17, 2018, which disclosed that Oracle's cloud license and on-premises license revenues were $1.3 billion for Q3 2019. To the extent that paragraph 246 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the Court to that Form 8-K for its complete contents and deny any inconsistent characterizations. Defendants also admit that BLOOMBERG published an article about Oracle on or about September 17, 2018. To the extent that paragraph 246 refers to information that appears in that article, Defendants respectfully refer the Court to that article for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 246 of the Complaint.

247. Answering paragraph 247, Defendants admit that Microsoft Corp. ("Microsoft") issued a press release on or about June 5, 2019, announcing that Microsoft and Oracle would enter a cloud interoperability partnership. Defendants also admit that BLOOMBERG published an article about Oracle on or about October 9, 2019. To the extent that paragraph 247 refers to information that appears in that press release or article, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 247 of the Complaint.

248. Answering paragraph 248, Defendants admit that BLOOMBERG published an article about Oracle on or about October 9, 2019. To the extent that paragraph 248 refers to information that appears in that article, Defendants respectfully refer the Court to that article for its complete

contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 248 of the Complaint.

249. Answering paragraph 249, Defendants state that paragraph 249 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 249 are deemed factual allegations to which a response is required, Defendants deny those allegations.

250. Answering paragraph 250, Defendants state that paragraph 250 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 250 are deemed factual allegations to which a response is required, Defendants deny those allegations.

251. Answering paragraph 251, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 251 of the Complaint.

252. Answering paragraph 252, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 252 of the Complaint.

253. Answering paragraph 253, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 253 of the Complaint.

254. Answering paragraph 254, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 254 of the Complaint.

255. Answering paragraph 255, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by

anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 255 of the Complaint.

256. Answering paragraph 256, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 256 of the Complaint.

257. Answering paragraph 257, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 257 of the Complaint

258. Answering paragraph 258, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and industry participants and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 258 of the Complaint

259. Answering paragraph 259, Defendants state that paragraph 259 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 259 are deemed factual allegations to which a response is required, Defendants deny those allegations.

260. Answering paragraph 260, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by industry participants and on that basis deny such allegations. Defendants admit that Clear Licensing posted a document to its website entitled *Key Risks in Managing Oracle Licensing* in November 2014. Defendants also admit that Clear Licensing posted a document to its website on or about January 6, 2015, entitled *Open letter: To Larry Ellison and the board of directors at Oracle.* To the extent that paragraph 260 refers to information that appears in that report or document, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 260 of the Complaint.

261. Answering paragraph 261, Defendants admit that INFORMATIONWEEK published a post related to Oracle on or about January 6, 2015. To the extent that paragraph 261 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 261 of the Complaint and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 261 of the Complaint.

262. Answering paragraph 262, Defendants state that paragraph 262 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 262 are deemed factual allegations to which a response is required, Defendants admit that the FNE initiated an investigation into the dealings of Oracle Chile S.A. on or about September 11, 2015, and that the FNE documented its findings on or about March 28, 2018. To the extent that paragraph 201 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 262 of the Complaint.

263. Answering paragraph 263, Defendants deny the allegations contained in paragraph 263 of the Complaint.

264. Answering paragraph 264, Defendants admit that CLOUDPRO published a webpage on or about January 14, 2016, entitled *Oracle is hiring 1,400 sales staff to drive cloud growth.* To the extent that paragraph 264 refers to information that appears on that webpage, Defendants respectfully refer the Court to that webpage for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 264 of the Complaint.

265. Answering paragraph 265, Defendants admit that Oracle conducted an investor Q&A on or about May 9, 2017. To the extent paragraph 265 refers to information that was disclosed in that Q&A, Defendants respectfully refer the Court to the transcript of that Q&A for

its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 265 of the Complaint.

266. Answering paragraph 266, Defendants admit that THE INFORMATION published a post related to Oracle on or about May 22, 2018. To the extent paragraph 266 refers to information that appears in that post, Defendants respectfully refer the Court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 266 of the Complaint.

267. Answering paragraph 267, Defendants admit that Oracle conducted earnings conference calls on or about September 14, 2017 and June 21, 2017, and that Oracle conducted an investor Q&A on or about November 7, 2017. To the extent that paragraph 267 refers to information that was disclosed in those conference calls or that Q&A, Defendants respectfully refer the Court to the transcript of that Q&A for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 267 of the Complaint.

268. Answering paragraph 268, Defendants state that paragraph 268 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 268 are deemed factual allegations to which a response is required, Defendants deny those allegations.

269. Answering paragraph 269, Defendants admit that Oracle conducted an earnings conference call on or about March 15, 2016. Defendants further admit that Oracle's Annual Meeting of Stockholders was conducted on or about November 15, 2017. To the extent that paragraph 269 refers to information that was disclosed in that conference call or meeting, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Defendants further admit that CXO TODAY published a post about Oracle on or about March 14, 2019, entitled *Digital India Driving Growth For Oracle: CEO Safra Catz,* that ORACLE NETSUITE published a post on or about October 31, 2017, entitled *Hurd to Goldberg: NetSuite Might be the Most Exciting Acquisition Oracle's Ever Done,* and that CNBC published an article on or about May 4, 2017, entitled *Oracle CEO pushes*

*back on challenge from Salesforce: 'Are you kidding me?'* To the extent that paragraph 269 refers to information that was disclosed in those posts, Defendants respectfully refer the Court to those posts for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 269 of the Complaint.

270. Answering paragraph 270, Defendants admit that USA TODAY published an article on or about April 26, 2017, entitled *Oracle's Mark Hurd builds a cloud arsenal to take on Amazon*, that FORBES published an article on or about December 12, 2017, entitled *Oracle Earnings Preview: Cloud-Based Segments to Continue to Drive Growth*, that DIGINOMICA published a webpage on or about January 24, 2017, entitled *Oracle Cloud World epiphany: Focusing on applications and data, not infrastructure. Yet.*, and that SEEKING ALPHA published an article on or about February 10, 2017, entitled *The Death of The Commercial Database: Oracle's Dilemma*. To the extent paragraph 270 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 270 of the Complaint.

271. Answering paragraph 271, Defendants state that paragraph 271 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 271 are deemed factual allegations to which a response is required, Defendants deny those allegations.

272. Answering paragraph 272, Defendants state that paragraph 272 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 272 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted an earnings conference call on or about September 15, 2016. Defendants also admit that CNBC published an article on or about October 2, 2012, entitled *CNBC Exclusive: CNBC Transcript: Oracle CEO Larry Ellison Sits Down One-on-One with Maria Bartiromo Today on CNBC*, that ZDNET published a webpage on or about September 29, 2014, entitled *Oracle's Hurd defends cloud strategy in light of exec shuffle*, and that FORBES published a post on or about February 27, 2018, entitled *PODCAST: Oracle CEO Mark Hurd On*

*How A Tech Giant Can Stay Nimble and Bet Big On Future Trends*. To the extent paragraph 270 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 272 of the Complaint.

273. Answering paragraph 273, Defendants state that paragraph 273 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 273 are deemed factual allegations to which a response is required, Defendants deny those allegations.

274. Answering paragraph 274, Defendants admit that Oracle conducted an earnings conference calls on or about September 16, 2015 and June 21, 2017. To the extent that paragraph 274 refers to information that was disclosed in those conference calls, Defendants respectfully refer the Court to the transcripts of those conference calls for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 274 of the Complaint.

275. Answering paragraph 275, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 275 of the Complaint and on that basis deny such allegations. Defendants admit that CNBC published a report about Oracle on or about June 20, 2018. To the extent paragraph 275 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 275 of the Complaint.

276. Answering paragraph 276, Defendants admit that William Blair published a report about Oracle on or about June 20, 2018, that Oppenheimer published a report about Oracle on or about June 20, 2018, that JPMorgan published a report about Oracle on or about June 19, 2018, and that Deutsche Bank published a report about Oracle on or about June 20, 2018. Defendants further admit that THE UPPER EDGE published a post about Oracle on or about June 27, 2018, and that TECHCRUNCH published a post about Oracle on or about June 20, 2018. To the extent

paragraph 276 refers to information that appears in those posts, Defendants respectfully refer the Court to those posts for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 276 of the Complaint.

277. Answering paragraph 277, Defendants state that paragraph 277 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 277 are deemed factual allegations to which a response is required Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Kurian emailed Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 277 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 277 of the Complaint.

278. Answering paragraph 278, Defendants state that paragraph 278 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 278 are deemed factual allegations to which a response is required, Defendants deny those allegations.

279. Answering paragraph 279, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 279 of the Complaint.

280. Answering paragraph 280, Defendants state that paragraph 280 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 280 are deemed factual allegations to which a response is required, Defendants deny those allegations.

281. Answering paragraph 281, Defendants state that paragraph 281 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 281 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants admit that Kurian emailed Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 281 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 281 of the Complaint.

282. Answering paragraph 282, Defendants state that paragraph 282 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 282 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Additionally, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian and Miranda with prejudice. Therefore, the allegations contained in paragraph 282 of the Complaint attributed to Kurian and Miranda do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 282 of the Complaint.

283. Answering paragraph 283, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 283 of the Complaint attributed to Kurian do not relate to any claim that remains in this case and no response is required. Defendants admit that Kurian emailed Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 283 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except

as expressly admitted, Defendants deny the allegations contained in paragraph 283 of the Complaint.

284. Answering paragraph 284, Defendants state that paragraph 284 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 284 are deemed factual allegations to which a response is required, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 284 of the Complaint attributed to Kurian do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 284 of the Complaint.

285. Answering paragraph 285, Defendants admit that Oracle conducted investor Q&As on or about May 9, 2017, and November 7, 2019. To the extent paragraph 285 refers to information that was disclosed in those Q&As, Defendants respectfully refer the Court to the transcripts for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 285 of the Complaint.

286. Answering paragraph 286, Defendants state that paragraph 286 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 286 are deemed factual allegations to which a response is required, Defendants deny those allegations.

287. Answering paragraph 287, Defendants state that paragraph 287 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 287 are deemed factual allegations to which a response is required, Defendants deny those allegations.

288. Answering paragraph 288, Defendants state that paragraph 288 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 288 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Additionally, Defendants state that, in its Dismissal Order,

the Court dismissed all claims against Kurian and Miranda with prejudice. Therefore, the allegations contained in paragraph 288 of the Complaint attributed to Kurian and Miranda do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 288 of the Complaint.

289. Answering paragraph 289, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian and Miranda with prejudice. Therefore, the allegations contained in paragraph 289 of the Complaint attributed to Miranda do not relate to any claim that remains in this case and no response is required. Defendants admit that Kurian emailed Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 289 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 289 of the Complaint.

290. Answering paragraph 290, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Miranda with prejudice. Therefore, the allegations contained in paragraph 290 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 290 of the Complaint.

291. Answering paragraph 291, Defendants state that paragraph 291 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 291 are deemed factual allegations to which a response is required, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian and Miranda with prejudice. Therefore, the allegations contained in paragraph 291 of the Complaint attributed to Kurian and Miranda do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 291 of the Complaint.

292. Answering paragraph 292, Defendants admit that Clear Licensing posted a document to its website on or about January 6, 2015, entitled *Open letter: To Larry Ellison and*

*the board of directors at Oracle.* To the extent that paragraph 292 refers to information that appears in that document, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 292 of the Complaint.

293. Answering paragraph 293, Defendants admit that CNBC published an article on or about October 2, 2012, entitled *CNBC Exclusive: CNBC Transcript: Oracle CEO Larry Ellison Sits Down One-on-One with Maria Bartiromo Today on CNBC*. Defendants further admit that Oracle's Annual Meeting of Stockholders was conducted on or about November 15, 2017. To the extent that paragraph 293 refers to information that was disclosed in that meeting, Defendants respectfully refer the Court to the transcript of that meeting for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 293 of the Complaint.

294. Answering paragraph 294, Defendants state that paragraph 294 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 294 are deemed factual allegations to which a response is required, Defendants deny those allegations.

295. Answering paragraph 295, Defendants state that paragraph 295 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 295 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants also state that, in its Dismissal Order, the Court dismissed all claims against Kurian and Miranda with prejudice. Therefore, the allegations contained in paragraph 295 of the Complaint attributed to Kurian and Miranda do not relate to any claim that remains in this case and no response is required. Defendants further admit that Kurian emailed Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 295 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny

any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 295 of the Complaint.

296. Answering paragraph 296, Defendants state that paragraph 296 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 296 are deemed factual allegations to which a response is required, Defendants deny those allegations.

297. Answering paragraph 297, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 297 of the Complaint.

298. Answering paragraph 298, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 298 of the Complaint.

299. Answering paragraph 299, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 299 of the Complaint.

300. Answering paragraph 300, Defendants admit that Kurian emailed Oracle employees on or about October 19, 2017, regarding Oracle's relationship with a certain customer. To the extent paragraph 300 refers to information contained in that email, Defendants respectfully refer the Court to that email for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 300 of the Complaint.

301. Answering paragraph 301, Defendants state that paragraph 301 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 301 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding

what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 301 of the Complaint.

302. Answering paragraph 302, Defendants admit that Oracle conducted an earnings conference call on or about March 15, 2016. To the extent the allegations in paragraph 302 refers to information that was disclosed in that call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 302 of the Complaint.

303. Answering paragraph 303, Defendants admit that Oracle conducted an earnings conference call on or about September 15, 2016. Defendants also admit that CNBC published an article on or about October 2, 2012, entitled *CNBC Exclusive: CNBC Transcript: Oracle CEO Larry Ellison Sits Down One-on-One with Maria Bartiromo Today on CNBC*, and that ZDNET published a webpage on or about September 29, 2014, entitled *Oracle's Hurd defends cloud strategy in light of exec shuffle*. To the extent paragraph 303 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents and deny any characterizations that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations contained in paragraph 303 of the Complaint.

304. Answering paragraph 304, Defendants admit that Clear Licensing posted a document to their website on or about January 6, 2015, entitled *Open letter: To Larry Ellison and the board of directors at Oracle*. Defendants also admit that the FNE initiated an investigation into the dealings of Oracle Chile S.A. on or about September 11, 2015, and that the FNE documented its findings on or about March 28, 2018. To the extent that paragraph 304 refers to information that appears in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 304 of the Complaint

305. Answering paragraph 305, Defendants state that paragraph 305 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 305 are deemed factual allegations to which a response is required, Defendants admit that GIGAOM published a webpage on or about September 18, 2014, entitled *So, huge changes at Oracle with Ellison stepping down right? Wrong!*, that CNN MONEY published an article on or about March 9, 2005, entitled *HP's Hurd Mentality*, and that REUTERS published an article on or about January 11, 2015, entitled *Ellison's backing helps Kurian's star to rise at Oracle*. Defendants also admit that Oracle filed a proxy statement for its Annual Meeting of Stockholders on or about November 14, 2018. Defendants also admit that Miranda's biography and responsibilities are described on Oracle's website. To the extent paragraph 305 refers to information that appears in those articles, that filing, or on Oracle's website, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 305 of the Complaint.

306. Answering paragraph 306, Defendants deny the allegations contained in paragraph 306 of the Complaint.

307. Answering paragraph 307, Defendants deny the allegations contained in paragraph 307 of the Complaint.

308. Answering paragraph 308, Defendants deny the allegations contained in paragraph 308 of the Complaint.

309. Answering paragraph 309, Defendants admit that Oracle filed a proxy statement for its Annual Meeting of Stockholders on or about September 23, 2016. To the extent that paragraph 309 refers to information that was disclosed in that proxy statement, Defendants respectfully refer the Court to that proxy statement for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 309 of the Complaint.

310. Answering paragraph 310, Defendants admit that Oracle filed a Form 8-K with the SEC on or about September 5, 2017, which disclosed executive compensation changes in FY 2018. Defendants also admit that RBC Capital Markets published a report about Oracle on or about September 11, 2017. To the extent that paragraph 310 refers to information that was

disclosed in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 310 of the Complaint.

311. Answering paragraph 311, Defendants admit that Oracle filed a proxy statement for its Annual Meeting of Stockholders on or about September 26, 2018. To the extent that paragraph 310 refers to information that was disclosed in that proxy statement, Defendants respectfully refer the Court to that proxy statement for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 311 of the Complaint.

312. Answering paragraph 312, Defendants admit that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 312 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 312 of the Complaint.

313. Answering paragraph 313, Defendants state that, to the extent paragraph 313 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 313 of the Complaint.

314. Answering paragraph 314, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 314 of the Complaint do not relate to any claim that remains in this case and no response is required.

315. Answering paragraph 315, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 315 of the Complaint do not relate to any claim that remains in this case and no response is required.

316. Answering paragraph 316, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 316 of the Complaint do not relate to any claim that remains in this case and no response is required.

317. Answering paragraph 317, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 317 of the Complaint do not relate to any claim that remains in this case and no response is required.

318. Answering paragraph 318, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 318 of the Complaint do not relate to any claim that remains in this case and no response is required.

319. Answering paragraph 319, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 319 of the Complaint do not relate to any claim that remains in this case and no response is required.

320. Answering paragraph 320, Defendants state that paragraph 320 and footnote 43 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that, to the extent paragraph 320 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 320 of the Complaint.

321. Answering paragraph 321, Defendants state that, to the extent paragraph 321 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information.

Except as expressly admitted, Defendants deny the allegations contained in paragraph 321 of the Complaint.

322. Answering paragraph 322, Defendants state that, to the extent paragraph 322 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Defendants also state that historical information regarding the prices at which Oracle's stock was traded is publicly available, and deny any allegations in paragraph 322 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 322 of the Complaint.

323. Answering paragraph 323, Defendants state that, to the extent paragraph 323 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 323 of the Complaint.

324. Answering paragraph 324, Defendants state that paragraph 324 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that, to the extent paragraph 324 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 324 of the Complaint.

325. Answering paragraph 325, Defendants state that, to the extent paragraph 325 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Defendants also state that historical information regarding the prices at which Oracle's stock was

traded is publicly available and deny any allegations in paragraph 325 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 325 of the Complaint.

326. Answering paragraph 326, Defendants state that, to the extent paragraph 326 of the Complaint refers to information about Oracle common stock holdings of and sales by the Officer Defendants, information regarding holdings and trades has been filed with the SEC, and Defendants deny any allegations that are inconsistent with such publicly disclosed information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 326 of the Complaint.

327. Answering paragraph 327, Defendants state that paragraph 327 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 327 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 327 are deemed factual allegations to which a response is required, Defendants deny those allegations.

328. Answering paragraph 328, Defendants state that paragraph 328 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 328 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 328 are deemed factual allegations to which a response is required, Defendants deny those allegations.

329. Answering paragraph 329, Defendants state that paragraph 329 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 329 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in

paragraph 329 are deemed factual allegations to which a response is required, Defendants deny those allegations.

330. Answering paragraph 330, Defendants state that paragraph 330 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 330 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 330 are deemed factual allegations to which a response is required, Defendants deny those allegations.

331. Answering paragraph 331, Defendants state that paragraph 331 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 331 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 331 are deemed factual allegations to which a response is required, Defendants deny those allegations.

332. Answering paragraph 332, Defendants state that paragraph 332 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 332 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 332 are deemed factual allegations to which a response is required, Defendants deny those allegations.

333. Answering paragraph 333, Defendants state that paragraph 333 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 333 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in

paragraph 333 are deemed factual allegations to which a response is required, Defendants deny those allegations.

334. Answering paragraph 334, Defendants state that paragraph 334 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 334 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 334 are deemed factual allegations to which a response is required, Defendants deny those allegations.

335. Answering paragraph 335, Defendants state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 335 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 335 are deemed factual allegations to which a response is required, Defendants admit that, on or about June 27, 2017, Oracle filed its Annual Report for FY 2017 with the SEC as Form 10-K. To the extent that paragraph 335 refers to information that appears in that Form 10-K, Defendants respectfully refer the Court to that document and deny any characterizations inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations contained in paragraph 335 of the Complaint.

336. Answering paragraph 336, Defendants state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 336 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 336 are deemed factual allegations to which a response is required, Defendants admit that Oracle received a letter from the SEC on or about November 25, 2014, and deny any characterizations that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 336 of the Complaint.

337. Answering paragraph 337, Defendants state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 337 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 337 are deemed factual allegations to which a response is required, Defendants admit that Oracle sent a reply letter to the SEC on or about December 5, 2014, and deny any characterizations inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations contained in paragraph 337 of the Complaint.

338. Answering paragraph 338, Defendants state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 338 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 338 are deemed factual allegations to which a response is required, Defendants deny those allegations

339. Answering paragraph 339, Defendants state that, in its Dismissal Order, the Court held that Devor's opinion is insufficient to adequately plead that Oracle violated GAAP because, among other things, Devor had not reviewed Oracle's SEC filings and had not considered whether Oracle had made proper disclosures. Therefore, the allegations contained in paragraph 339 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 339 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 339 of the Complaint and on that basis deny such allegations.

340. Answering paragraph 340, Defendants state that, in its Dismissal Order, the Court held that Devor's opinion is insufficient to adequately plead that Oracle violated GAAP because, among other things, Devor had not reviewed Oracle's SEC filings and had not considered whether Oracle had made proper disclosures. Therefore, the allegations contained in paragraph 340 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 340 are deemed factual allegations to which a

response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 340 of the Complaint and on that basis deny such allegations.

341. Answering paragraph 341, Defendants state that, in its Dismissal Order, the Court held that Devor's opinion is insufficient to adequately plead that Oracle violated GAAP because, among other things, Devor had not reviewed Oracle's SEC filings and had not considered whether Oracle had made proper disclosures. Therefore, the allegations contained in paragraph 341 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 341 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 341 of the Complaint and on that basis deny such allegations.

342. Answering paragraph 342, Defendants state that, in its Dismissal Order, the Court held that Devor's opinion is insufficient to adequately plead that Oracle violated GAAP because, among other things, Devor had not reviewed Oracle's SEC filings and had not considered whether Oracle had made proper disclosures. Therefore, the allegations contained in paragraph 342 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 342 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 342 of the Complaint and on that basis deny such allegations.

343. Answering paragraph 343, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 343 of the Complaint were false. Therefore, the allegations contained in paragraph 343 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 343 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about March 15, 2017, which disclosed that Oracle's total cloud revenues were $1.2 billion for Q3 2017. To the extent paragraph 344 refers to information

that was disclosed in that Form 8-K, Defendants respectfully refer the Court to that Form 8-K for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 343 of the Complaint.

344. Answering paragraph 344, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 344 of the Complaint were false. Therefore, the allegations contained in paragraph 344 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 344 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about March 15, 2017, which disclosed that Oracle's total cloud revenues were $1.2 billion, up 62%, for Q3 2017. To the extent paragraph 344 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the Court to that Form 8-K for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 344 of the Complaint.

345. Answering paragraph 345, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 343 and 344 of the Complaint were false. Therefore, the allegations contained in paragraph 345 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny the remaining allegations contained in paragraph 345 of the Complaint.

346. Answering paragraph 346, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 346 of the Complaint were false. Therefore, the allegations contained in paragraph 346 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 346 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted earnings conference calls on or about March 15, 2017. To the extent that paragraph 346 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 346 of the Complaint.

347. Answering paragraph 347, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 347 of the Complaint were false. Therefore, the allegations contained in paragraph 347 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 347 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted earnings conference calls on or about March 15, 2017. To the extent that paragraph 347 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 347 of the Complaint.

348. Answering paragraph 348, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 348 of the Complaint were false. Therefore, the allegations contained in paragraph 348 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 348 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted earnings conference calls on or about March 15, 2017. To the extent that paragraph 348 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 348 of the Complaint.

349. Answering paragraph 349, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 346, 347, and 348 of the Complaint were false. Therefore, the allegations contained in paragraph 349 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 349 of the Complaint.

350. Answering paragraph 350, Defendants admit that Canaccord Genuity published a report about Oracle on or about March 15, 2017, that Macquarie Research published a report about Oracle on or about March 15, 2017, that Barclays published a report about Oracle on or

about March 16, 2017, and that BTIG published a report about Oracle on March 16, 2017. To the extent paragraph 350 refers to information that appears in those reports, Defendants respectfully refer the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 350 of the Complaint.

351. Answering paragraph 351, Defendants state that historical information regarding the prices at which Oracle's stock was traded is publicly available, and deny any allegations in paragraph 351 that are inconsistent with such historical information. Defendants admit that Deutsche Bank published a report about Oracle on or about March 16, 2017. To the extent paragraph 351 refers to information that appears in that report, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 351 of the Complaint.

352. Answering paragraph 352, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 352 are non-actionable as a matter of law. Therefore, the allegations contained in paragraph 352 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 352 are deemed factual allegations to which a response is required, Defendants admit that CNBC broadcast an interview with Hurd on or about March 16, 2017. To the extent paragraph 352 refers to information that was disclosed in that interview, Defendants deny any characterizations that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 352 of the Complaint.

353. Answering paragraph 353, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 352 are non-actionable as a matter of law. Therefore, the allegations contained in paragraph 353 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants also state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs'

counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny the remaining allegations contained in paragraph 353 of the Complaint.

354. Answering paragraph 354, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 354 of the Complaint were false. Therefore, the allegations contained in paragraph 354 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 354 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 10-Q with the SEC on or about March 17, 2017, which disclosed that Oracle's total cloud revenues were $1.189 billion for Q3 2017. To the extent that paragraph 354 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 354 of the Complaint.

355. Answering paragraph 355, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 354 of the Complaint were false. Therefore, the allegations contained in paragraph 355 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny the remaining allegations in paragraph 355 of the Complaint.

356. Answering paragraph 356, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 356 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 356 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 356 of the Complaint.

357. Answering paragraph 357, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 356 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 357 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 357 of the Complaint.

358. Answering paragraph 358, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 358 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 358 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 358 are deemed factual allegations to which a response is required, Defendants admit that Oracle issued a press release on or about May 4, 2017, entitled *Oracle Cloud Applications Drive Business Transformation Around the World*. To the extent that paragraph 358 refers to information that was disclosed in that press release, Defendants respectfully refer the Court to that press release for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 358 of the Complaint.

359. Answering paragraph 359, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 358 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 359 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 359 of the Complaint.

360. Answering paragraph 360, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 358 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 360 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 360 of the Complaint.

361. Answering paragraph 361, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 361 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 361 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 361 of the Complaint.

362. Answering paragraph 362, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 361 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 362 of the Complaint do not relate to any claim that

remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 362 of the Complaint.

363. Answering paragraph 363, Defendants admit that Oracle conducted an investor Q&A on or about May 9, 2017. To the extent that paragraph 363 refers to information that was disclosed in that Q&A, Defendants respectfully refer the Court to the transcript of that Q&A for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 363 of the Complaint.

364. Answering paragraph 364, Defendants state that paragraph 364 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 364 are deemed factual allegations to which a response is required, Defendants deny those allegations.

365. Answering paragraph 365, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 365 of the Complaint were false. Therefore, the allegations contained in paragraph 365 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 365 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted an investor Q&A on or about May 9, 2017. To the extent that paragraph 365 refers to information that was disclosed in that Q&A, Defendants respectfully refer the Court to the transcript of that Q&A for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 365 of the Complaint.

366. Answering paragraph 366, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 365 of the Complaint were false. Therefore, the allegations contained in paragraph 366 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 366 of the Complaint.

367. Answering paragraph 367, Defendants state that paragraph 367 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 367 are deemed factual allegations to which a response is required, Defendants deny those allegations.

368. Answering paragraph 368, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 368 of the Complaint were false. Therefore, the allegations contained in paragraph 368 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 368 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about June 21, 2017, which disclosed that Oracle's total cloud revenues were $1.361 billion for Q4 2017. To the extent that paragraph 368 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 368 of the Complaint.

369. Answering paragraph 369, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 368 of the Complaint were false. Therefore, the allegations contained in paragraph 369 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 369 of the Complaint.

370. Answering paragraph 370, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 370 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 370 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 370 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about June 21, 2017, which disclosed that Oracle's total cloud revenues were $1.361 billion for Q4 2017. To the extent that paragraph 368 refers to information that was disclosed in that Form 8-K, Defendants deny any characterizations inconsistent with its contents and respectfully refers the Court to the document for its complete contents. Except as expressly admitted, Defendants deny the allegations contained in paragraph 370 of the Complaint.

371. Answering paragraph 371, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraph 371 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 371 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 371 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about June 21, 2017, which disclosed that Oracle's total cloud revenues were $1.361 billion for Q4 2017. To the extent that paragraph 371 refers to information that was disclosed in that Form 8-K, Defendants deny any characterizations inconsistent with its contents and respectfully refers the Court to the document for its complete contents. Except as expressly admitted, Defendants deny the allegations contained in paragraph 371 of the Complaint.

372. Answering paragraph 372, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraphs 370 and 371 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 372 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 372 of the Complaint.

373. Answering paragraph 373, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 373 of the Complaint were false. Therefore, the allegations contained in paragraph 373 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 373 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted an earnings conference call on or about June 21, 2017. To the extent that paragraph 373 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 373 of the Complaint.

374. Answering paragraph 374, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 374 of the Complaint were false. Therefore, the allegations contained in paragraph 374 of the Complaint do not relate to any claim

that remains in this case and no response is required. To the extent the allegations in paragraph 374 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted an earnings conference call on or about June 21, 2017. To the extent that paragraph 374 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 374 of the Complaint.

375. Answering paragraph 375, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 375 of the Complaint were false. Therefore, the allegations contained in paragraph 375 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 375 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted an earnings conference call on or about June 21, 2017. To the extent that paragraph 375 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 375 of the Complaint.

376. Answering paragraph 376, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraphs 373, 374, and 375 of the Complaint were false. Therefore, the allegations contained in paragraph 376 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 376 of the Complaint.

377. Answering paragraph 377, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraph 377 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 377 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 377 are deemed factual allegations to which a response is required, Defendants deny those allegations.

378. Answering paragraph 378, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraph 377 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 378 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 378 are deemed factual allegations to which a response is required, Defendants deny those allegations.

379. Answering paragraph 379, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraph 379 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 379 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 379 are deemed factual allegations to which a response is required, Defendants deny those allegations.

380. Answering paragraph 380, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraph 379 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 380 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 380 are deemed factual allegations to which a response is required, Defendants deny those allegations.

381. Answering paragraph 381, Defendants admit that DOW JONES INSTITUTIONAL NEWS published an article on or about June 22, 2017, entitled *Oracle Surges 10%: Well On Our Way to Passing Salesforce, Says Ellison*, that BUSINESS INSIDER published an article on or about June 22, 2017, entitled *Oracle's blow-out earnings caused over 20 Wall Street analysts to raise price targets*, that BARRON'S published an article on or about June 26, 2017, entitled *Oracle Conquers the Cloud – Just in Time*, and that BTIG Analysts published a report about Oracle on or about June 22, 2017. To the extent paragraph 381 refers to information that appears in those reports or articles, Defendants respectfully refers to the Court to those reports and articles and deny any characterizations that are inconsistent with their content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 381 of the Complaint.

382. Answering paragraph 382, Defendants state that historical information regarding the prices at which Oracle's stock was traded is publicly available and deny any allegations in paragraph 382 that are inconsistent with such historical information. Defendants admit that DOW

JONES INSTITUTIONAL NEWS published an article about Oracle on or about June 22, 2017, entitled *Oracle Closes the Gap*. To the extent paragraph 382 refers to information that appears in that article, Defendants respectfully refers to the Court to that article and deny any characterizations that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations contained in paragraph 382 of the Complaint.

383. Answering paragraph 383, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 383 of the Complaint were false. Therefore, the allegations contained in paragraph 383 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 383 are deemed factual allegations to which a response is required, Defendants admit that, on or about June 27, 2017, Oracle filed its Annual Report for FY 2017 with the SEC as Form 10-K. To the extent that paragraph 383 refers to information that appears in that Form 10-K, Defendants respectfully refer the Court to that document and deny any characterizations inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations contained in paragraph 383 of the Complaint.

384. Answering paragraph 384, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 384 of the Complaint were false. Defendants also state that, in its Dismissal Order, the Court held that the Complaint did not plead a violation of GAAP. Therefore, the allegations contained in paragraph 384 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 384 of the Complaint.

385. Answering paragraph 385, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 385 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 385 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 385 of the Complaint.

386. Answering paragraph 386, Defendants state that in its Dismissal Order, the Court concluded that the statements in paragraph 386 are not actionable as a matter of law. Therefore,

the allegations contained in paragraph 386 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 386 of the Complaint.

387. Answering paragraph 387, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraphs 385 and 386 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 387 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 387 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 387 of the Complaint.

388. Answering paragraph 388, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 388 of the Complaint were false. Therefore, the allegations contained in paragraph 388 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 388 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 8-K with the SEC on or about September 14, 2017, which disclosed that Oracle's total cloud revenues were $1.5 billion for Q1 2018. To the extent that paragraph 388 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the Court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 388 of the Complaint.

389. Answering paragraph 389, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 388 of the Complaint were false. Therefore, the allegations contained in paragraph 389 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 389 of the Complaint.

390. Answering paragraph 390, Defendants admit that Oracle conducted an earnings conference call on or about September 14, 2017. To the extent that paragraph 390 refers to

information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 390 of the Complaint.

391. Answering paragraph 391, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 391 of the Complaint were false. Therefore, the allegations contained in paragraph 391 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 391 are deemed factual allegations to which a response is required, Defendants admit that Oracle conducted an earnings conference call on or about September 14, 2017. To the extent that paragraph 391 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 391 of the Complaint.

392. Answering paragraph 392, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 391 of the Complaint were false. Therefore, the allegations contained in paragraph 392 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 392 of the Complaint.

393. Answering paragraph 393, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 393 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 393 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 393 are deemed factual allegations to which a response is required, Defendants deny those allegations.

394. Answering paragraph 394, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 393 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 394 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 394 are deemed factual allegations to which a response is required, Defendants deny those allegations.

395. Answering paragraph 395, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 393 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 395 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 395 are deemed factual allegations to which a response is required, Defendants deny those allegations.

396. Answering paragraph 396, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 396 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 396 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 396 are deemed factual allegations to which a response is required, Defendants deny those allegations.

397. Answering paragraph 397, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 396 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 397 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 397 are deemed factual allegations to which a response is required, Defendants deny those allegations.

398. Answering paragraph 398, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 396 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 398 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 398 are deemed factual allegations to which a response is required, Defendants deny those allegations.

399. Answering paragraph 399, Defendants admit that MUFG analysts published a report about Oracle on or about September 14, 2017, that Cowen published a report about Oracle on or about September 15, 2017, and that Credit Suisse published a report about Oracle on or about September 15, 2017. To the extent paragraph 399 refers to information that appears in those reports, Defendants respectfully refers the Court to those reports for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 399 of the Complaint.

400. Answering paragraph 400, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 400 of the Complaint were false. Therefore, the allegations contained in paragraph 400 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 400 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 10-Q with the SEC on or about September 18, 2017, which disclosed that Oracle's total cloud revenues were $1.467 billion for Q1 2018. To the extent that paragraph 400 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 400 of the Complaint.

401. Answering paragraph 401, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 400 of the Complaint were false. Therefore, the allegations contained in paragraph 401 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 401 of the Complaint.

402. Answering paragraph 402, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 402 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 402 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 402 are deemed factual allegations to which a response is required, Defendants deny those allegations.

403. Answering paragraph 403, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 402 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 403 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 403 are deemed factual allegations to which a response is required, Defendants deny those allegations.

404. Answering paragraph 404, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 404 refers to information that was disclosed in that

conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

405. Answering paragraph 405, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 405 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

406. Answering paragraph 406, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 406 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

407. Answering paragraph 407, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 407 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

408. Answering paragraph 408, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 408 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

409. Answering paragraph 409, Defendants state that paragraph 409 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 409 are deemed factual allegations to which a response is required, Defendants deny those allegations.

410. Answering paragraph 410, Defendants deny the allegations contained in paragraph 410 of the Complaint.

411. Answering paragraph 411, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 411 of the Complaint.

412. Answering paragraph 412, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 412 of the Complaint.

413. Answering paragraph 413, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 413 of the Complaint.

414. Answering paragraph 414, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 414 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

415. Answering paragraph 415, Defendants state that paragraph 415 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 415 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 415 of the Complaint.

416. Answering paragraph 416, Defendants admit that, on or about October 5, 2017, Oracle conducted a conference call with financial analysts at the annual Oracle OpenWorld conference. To the extent that paragraph 416 refers to information that was disclosed in that

conference call, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations.

417. Answering paragraph 417, Defendants deny the allegations contained in paragraph 417 of the Complaint.

418. Answering paragraph 418, Defendants admit that Oracle conducted an investor Q&A on or about November 7, 2019. To the extent that paragraph 418 refers to information that was disclosed in those Q&As, Defendants respectfully refer the Court to the transcripts for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 418 of the Complaint.

419. Answering paragraph 419, Defendants state that paragraph 419 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 419 are deemed factual allegations to which a response is required, Defendants deny those allegations.

420. Answering paragraph 420, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 420 of the Complaint.

421. Answering paragraph 421, Defendants state that they lack sufficient knowledge and information to form a belief regarding what was purportedly relayed to Plaintiffs' counsel by anonymous former Oracle employees and on that basis deny such allegations. Defendants deny any remaining allegations in paragraph 421 of the Complaint.

422. Answering paragraph 422, Defendants admit that Oracle conducted an investor Q&A on or about November 7, 2019. To the extent that paragraph 422 refers to information that was disclosed in those Q&As, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 422 of the Complaint.

423. Answering paragraph 423, Defendants state that paragraph 423 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 423 are deemed factual allegations to which a response is required, Defendants deny those allegations.

424. Answering paragraph 424, Defendants admit that Oracle conducted an investor Q&A on or about November 7, 2019. To the extent that paragraph 424 refers to information that was disclosed in those Q&As, Defendants respectfully refer the Court to the transcript for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 424 of the Complaint.

425. Answering paragraph 425, Defendants state that paragraph 425 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 425 are deemed factual allegations to which a response is required, Defendants deny those allegations.

426. Answering paragraph 426, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 426 of the Complaint were false. Therefore, the allegations contained in paragraph 426 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 426 are deemed factual allegations to which a response is required, Defendants admit that Oracle's Annual Meeting of Stockholders was conducted on or about November 15, 2017. To the extent that paragraph 426 refers to information that was disclosed in that meeting, Defendants respectfully refer the Court to the transcript of that meeting for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 426 of the Complaint.

427. Answering paragraph 427, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 426 of the Complaint were false. Therefore, the allegations contained in paragraph 427 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 427 of the Complaint.

428. Answering paragraph 428, Defendants state that paragraph 428 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 428 are deemed factual allegations to which a response is required, Defendants admit that Oracle hosted an earnings conference call on or about December 14, 2017. To the extent that paragraph 428 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Defendants also state that historical information regarding the prices at which Oracle's stock was traded is publicly available, and deny any allegations in paragraph 428 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 428 of the Complaint.

429. Answering paragraph 429, Defendants deny the allegations contained in paragraph 429 of the Complaint.

430. Answering paragraph 430, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 430 of the Complaint were false. Therefore, the allegations contained in paragraph 430 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 430 are deemed factual allegations to which a response is required, Defendants admit that Oracle hosted an earnings conference call on or about December 14, 2017. To the extent that paragraph 430 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations.

431. Answering paragraph 431, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 431 are not actionable as a matter of law.[1] Therefore, the allegations contained in paragraph 431 of the Complaint do not relate to any claim that remains in this case and no response is required.

[1] On page 19 of the opinion, the Court refers to paragraph 430 of the Complaint as a non-actionable statement of optimism. However, it appears that the Court was referring to paragraph 431 of the Complaint.

432. Answering paragraph 432, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 430 of the Complaint were false and concluded that the statements in paragraph 431 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 432 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 432 of the Complaint.

433. Answering paragraph 433, Defendants admit that Oracle hosted an earnings conference call on or about December 14, 2017. To the extent that paragraph 433 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations.

434. Answering paragraph 434, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 434 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 434 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 434 are deemed factual allegations to which a response is required, Defendants admit that Oracle hosted an earnings conference call on or about December 14, 2017. To the extent that paragraph 434 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Defendants deny any remaining allegations in paragraph 434 of the Complaint.

435. Answering paragraph 435, Defendants state that paragraph 435 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 435 are deemed factual allegations to which a response is required, Defendants deny those allegations.

436. Answering paragraph 436, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 434 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 436 of the Complaint do not relate to any claim that

remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 436 of the Complaint.

437. Answering paragraph 437, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 437 of the Complaint were false. Therefore, the allegations contained in paragraph 437 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 437 are deemed factual allegations to which a response is required, Defendants admit that Oracle hosted an earnings conference call on or about December 14, 2017. To the extent that paragraph 437 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 437 of the Complaint.

438. Answering paragraph 438, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 437 of the Complaint were false. Therefore, the allegations contained in paragraph 438 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 438 of the Complaint.

439. Answering paragraph 439, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 439 of the Complaint were false. Therefore, the allegations contained in paragraph 439 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 439 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 10-Q with the SEC on or about December 18, 2017, which disclosed that Oracle's total cloud revenues were $1.519 billion for Q2 2018. To the extent that paragraph 439 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 439 of the Complaint.

440. Answering paragraph 440, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 440 of the Complaint were false. Therefore, the allegations contained in paragraph 440 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 440 of the Complaint.

441. Answering paragraph 441, Defendants state that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 441 that are inconsistent with such historical information. Defendants admit that Oracle hosted an earnings conference call on or about March 19, 2018. To the extent that paragraph 441 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 441 of the Complaint.

442. Answering paragraph 442, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 442 are non-actionable as a matter of law. Therefore, the allegations contained in paragraph 442 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations contained in paragraph 442 of the Complaint.

443. Answering paragraph 443, Defendants admit that Oracle hosted an earnings conference call on or about March 19, 2018. To the extent that paragraph 443 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 443 of the Complaint.

444. Answering paragraph 444, Defendants admit that Oracle hosted an earnings conference call on or about March 19, 2018. To the extent that paragraph 444 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent

characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 444 of the Complaint.

445. Answering paragraph 445, Defendants state that paragraph 445 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 445 are deemed factual allegations to which a response is required, Defendants deny those allegations.

446. Answering paragraph 446, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 446 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 446 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 446 of the Complaint.

447. Answering paragraph 447, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 446 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 447 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 447 of the Complaint.

448. Answering paragraph 448, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 448 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 448 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 448 of the Complaint.

449. Answering paragraph 449, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 448 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 449 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 449 of the Complaint.

450. Answering paragraph 450, Defendants state that, in its Dismissal Order, the Court concluded that the statements in paragraph 448 are not actionable as a matter of law. Therefore,

the allegations contained in paragraph 450 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 450 of the Complaint

451. Answering paragraph 451, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 451 of the Complaint were false. Therefore, the allegations contained in paragraph 451 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 451 are deemed factual allegations to which a response is required, Defendants admit that Oracle filed a Form 10-Q with the SEC on or about March 21, 2018, which disclosed that Oracle's total cloud revenues were $1.566 billion for Q3 2018. To the extent that paragraph 451 refers to information that was disclosed in that Form 8-K, Defendants respectfully refer the court to that document for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 451 of the Complaint.

452. Answering paragraph 452, Defendants state that, in its Dismissal Order, the Court held that Plaintiffs failed to plead that statements in paragraph 451 of the Complaint were false. Therefore, the allegations contained in paragraph 452 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 452 of the Complaint.

453. Answering paragraph 453, Defendants admit that LIGHT READING published a post about Oracle on or about May 22, 2018. To the extent that paragraph 453 refers to information that was disclosed in that post, Defendants respectfully refer the court to that post for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 453 of the Complaint.

454. Answering paragraph 454, Defendants state that paragraph 454 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 454 are deemed factual allegations to which a response is required, Defendants deny those allegations.

455. Answering paragraph 455, Defendants state that paragraph 455 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 455 are deemed factual allegations to which a response is required, Defendants deny those allegations.

456. Answering paragraph 456, Defendants state that paragraph 456 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 456 are deemed factual allegations to which a response is required, Defendants deny those allegations.

457. Answering paragraph 457, Defendants admit that Oracle conducted an earnings conference call on or about December 14, 2017. To the extent that paragraph 457 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 457 of the Complaint.

458. Answering paragraph 458, Defendants state that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 458 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 458 of the Complaint.

459. Answering paragraph 459, Defendants admit that BUSINESS INSIDER published an article on or about December 15, 2017, entitled *Larry Ellision: Oracle's fancy new 'autonomous' database is coming in January, and it will Crush Amazon,* and that JMP published a report about Oracle on or about December 15, 2017. To the extent that paragraph 459 refers to information that was disclosed in that article or report, Defendants respectfully refer the court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 459 of the Complaint.

460. Answering paragraph 460, Defendants admit that Oracle conducted an earnings conference call on or about December 14, 2017. Defendants also admit that Jefferies published a report about Oracle on or about December 15, 2017. To the extent that paragraph 459 refers to

information that was disclosed in that conference call or report, Defendants respectfully refer the Court to the transcript and report for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 460 of the Complaint.

461. Answering paragraph 461, Defendants state that, in its Dismissal Order, the Court concluded that that the statements in paragraph 461 are not actionable as a matter of law. Therefore, the allegations contained in paragraph 461 of the Complaint do not relate to any claim that remains in this case and no response is required. Defendants deny any remaining allegations in paragraph 461 of the Complaint.

462. Answering paragraph 462, Defendants state that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 462 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 462 of the Complaint.

463. Answering paragraph 463, Defendants admit that JMP published a report about Oracle on or about March 20, 2018, that FORBES published a post about Oracle on or about May 21, 2018, that THE INFORMATION published a post about Oracle on or about May 22, 2018, and that TECHREPUBIC published a post about Oracle on or about May 29, 2018. To the extent that paragraph 463 refers to information that was disclosed in those posts, Defendants respectfully refer the Court to those posts for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 463 of the complaint.

464. Answering paragraph 464, Defendants deny the allegations contained in paragraph 464 of the Complaint.

465. Answering paragraph 465, Defendants admit that Oracle conducted an earnings conference call on or about March 19, 2018. To the extent that paragraph 465 refers to information that was disclosed in that call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent

characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 465 of the Complaint.

466. Answering paragraph 466, Defendants admit that MUFG published a report about Oracle on or about March 19, 2018. To the extent that paragraph 466 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to that report for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 466 of the Complaint.

467. Answering paragraph 467, Defendants admit J.P. Morgan published a report about Oracle on or about June 14, 2018, and that THE REGISTER published a post about Oracle on or about June 15, 2018. To the extent that paragraph 467 refers to information that was disclosed in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 467 of the Complaint

468. Answering paragraph 468, Defendants state that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 468 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 468 of the Complaint.

469. Answering paragraph 469, Defendants admit that Oracle conducted an earnings conference call on or about June 19, 2018. To the extent that paragraph 469 refers to information that was disclosed in that conference call, Defendants respectfully refer the Court to the transcript of that conference call for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 469 of the Complaint.

470. Answering paragraph 470, Defendants state that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 470 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 470 of the Complaint.

471. Answering paragraph 471, Defendants admit that JMP published a report about Oracle on or about June 20, 2018, and that THE UPPER EDGE published a post about Oracle on or about June 27, 2018. To the extent that paragraph 471 refers to information that was disclosed in those documents, Defendants respectfully refer the Court to documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 471 of the Complaint. Except as expressly admitted, Defendants deny the allegations contained in paragraph 471 of the Complaint.

472. Answering paragraph 472, Defendants state that historical information regarding the prices at which Oracle's stock was trading is publicly available and deny any allegations in paragraph 472 that are inconsistent with such historical information. Except as expressly admitted, Defendants deny the allegations contained in paragraph 472 of the Complaint.

473. Answering paragraph 473, Defendants state that paragraph 473 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 473 are deemed factual allegations to which a response is required, Defendants deny those allegations.

474. Answering paragraph 474, Defendants state that paragraph 474 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 474 are deemed factual allegations to which a response is required, Defendants deny those allegations.

475. Answering paragraph 475, Defendants state that paragraph 475 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 475 are deemed factual allegations to which a response is required, Defendants admit that Oracle's common stock is listed and traded on the New York Stock Exchange ("NYSE") under the ticker symbol "ORCL." Except as expressly admitted, Defendants deny the allegations contained in paragraph 475 of the Complaint.

476. Answering paragraph 476, Defendants state that paragraph 476 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 476 are deemed factual allegations to which a response is required, Defendants deny those allegations.

477. Answering paragraph 477, Defendants state that paragraph 477 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 477 are deemed factual allegations to which a response is required, Defendants deny those allegations.

478. Answering paragraph 478, Defendants state that paragraph 478 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 478 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 478 of the Complaint and on that basis deny such allegations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 478 of the Complaint.

479. Answering paragraph 479, Defendants state that paragraph 479 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 479 are deemed factual allegations to which a response is required, Defendants deny those allegations.

480. Answering paragraph 480, Defendants state that paragraph 480 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 480 are deemed factual allegations to which a response is required, Defendants deny those allegations.

481. Answering paragraph 481, Defendants state that paragraph 481 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 481 are deemed factual allegations to which a response is required, Defendants deny those allegations.

482. Answering paragraph 482, Defendants state that paragraph 481 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 481 are deemed factual allegations to which a response is required, Defendants deny those allegations.

483. Answering paragraph 483, Defendants state that paragraph 482 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 482 are deemed factual allegations to which a response is required, Defendants deny those allegations.

484. Answering paragraph 484, Defendants repeat and incorporate their answers to paragraphs 1-483 of the Complaint as if fully set forth herein. Except as expressly admitted, Defendants deny the allegations contained in paragraph 484 of the Complaint.

485. Answering paragraph 485, Defendants state that paragraph 485 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 485 are deemed factual allegations to which a response is required, Defendants deny those allegations.

486. Answering paragraph 486, Defendants state that paragraph 486 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 486 are deemed factual allegations to which a response is required, Defendants deny those allegations.

487. Answering paragraph 487, Defendants state that paragraph 487 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 487 are deemed factual allegations to which a response is required, Defendants deny those allegations.

488. Answering paragraph 488, Defendants state that paragraph 488 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 488 are deemed factual allegations to which a response is required, Defendants deny those allegations.

489. Answering paragraph 489, Defendants state that paragraph 489 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 489 are deemed factual allegations to which a response is required, Defendants deny those allegations.

490. Answering paragraph 490, Defendants state that paragraph 490 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 490 are deemed factual allegations to which a response is required, Defendants deny those allegations.

491. Answering paragraph 491, Defendants state that paragraph 491 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 491 are deemed factual allegations to which a response is required, Defendants deny those allegations.

492. Answering paragraph 492, Defendants state that paragraph 492 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 492 are deemed factual allegations to which a response is required, Defendants deny those allegations.

493. Answering paragraph 493, Defendants repeat and incorporate their answers to paragraphs 1-492 of the Complaint as if fully set forth herein. Except as expressly admitted, Defendants deny the allegations contained in paragraph 493 of the Complaint.

494. Answering paragraph 494, Defendants state that paragraph 494 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 494 are deemed factual allegations to which a response is required, Defendants deny those allegations.

495. Answering paragraph 495, Defendants state that paragraph 495 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 495 are deemed factual allegations to which a response is required, Defendants deny those allegations.

496. Answering paragraph 496, Defendants state that paragraph 496 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the

allegations in paragraph 496 are deemed factual allegations to which a response is required, Defendants deny those allegations.

497. Answering paragraph 497, Defendants state that paragraph 497 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 497 are deemed factual allegations to which a response is required, Defendants admit that Ken Bond was Oracle's Senior Vice President of Investor Relations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 497 of the Complaint.

498. Answering paragraph 498, Defendants state that paragraph 498 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 498 are deemed factual allegations to which a response is required, Defendants admit that Catz was Chief Executive Officer of Oracle and a member of the Company's Board of Directors. Defendants also admit that Catz signed Oracle's Form 10-Ks filed with the SEC on or about June 27, 2017, and that Catz signed Oracle's Form 10-Qs filed with the SEC on or about March 17, 2017, on or about September 18, 2017, on or about December 18, 2017, and on or about March 21, 2018. Defendants admit that the SAN FRANCISCO CHRONICLE published an article on or about September 7, 2003, entitled *On the Record: Larry Ellison*. To the extent that paragraph 498 refers to information that was disclosed in that article, Defendants respectfully refer the Court to that article for its complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 498 of the Complaint.

499. Answering paragraph 499, Defendants state that paragraph 499 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 499 are deemed factual allegations to which a response is required, Defendants admit that Hurd was Chief Executive Officer of Oracle and a member of the Company's Board of Directors. Defendants also admit that Hurd signed Oracle's Form 10-K filed with the SEC on or about June 27, 2017, and that Hurd signed Oracle's Form 10-Qs filed with the SEC on or about March 17, 2017, on or about September 18, 2017, on or about

December 18, 2017, and on or about March 21, 2018. Except as expressly admitted, Defendants deny the allegations contained in paragraph 499 of the Complaint.

500. Answering paragraph 500, Defendants state that paragraph 500 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 500 are deemed factual allegations to which a response is required, Defendants admit that Ellison was Oracle's Chief Technology Officer and Chairman of the Company's Board of Directors. Defendants also admit that, on or about October 10, 2018, Catz discussed Oracle at ICON's 5th Annual Conference. Defendants admit that Oracle filed a proxy statement for its Annual Meeting of Stockholders with the SEC on or about September 23, 2014. Defendants also admit that Ellison signed Oracle's Form 10-K filed with the SEC on or about June 27, 2017. To the extent that paragraph 500 refers to information that was disclosed in those documents, Defendants respectfully refer the Court to those documents for their complete contents and deny any inconsistent characterizations. Except as expressly admitted, Defendants deny the allegations contained in paragraph 500 of the Complaint.

501. Answering paragraph 501, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 501 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 501 are deemed factual allegations to which a response is required, Defendants admit that Kurian was President of Product Development at Oracle. Except as expressly admitted, Defendants deny the allegations contained in paragraph 501 of the Complaint.

502. Answering paragraph 502, Defendants state that, in its Dismissal Order, the Court dismissed all claims against Miranda with prejudice. Therefore, the allegations contained in paragraph 502 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 502 are deemed factual allegations to which a response is required, Defendants admit that Miranda was Executive Vice President of Oracle Applications Product Development. Except as expressly admitted, Defendants deny the allegations contained in paragraph 502 of the Complaint.

503. Answering paragraph 503, Defendants state that paragraph 503 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 503 are deemed factual allegations to which a response is required, Defendants deny those allegations.

504. Answering paragraph 504, Defendants state that paragraph 504 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 504 are deemed factual allegations to which a response is required, Defendants deny those allegations.

505. Answering paragraph 505, Defendants state that paragraph 505 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that, in its Dismissal Order, the Court dismissed all claims against Miranda and Kurian with prejudice. Therefore, the allegations contained in paragraph 505 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 505 are deemed factual allegations to which a response is required, Defendants deny those allegations.

506. Answering paragraph 506, Defendants state that paragraph 506 consists of legal arguments, characterizations, and conclusions to which no response is required. To the extent the allegations in paragraph 506 are deemed factual allegations to which a response is required, Defendants deny those allegations.

507. Answering paragraph 507, Defendants repeat and incorporate their answers to paragraphs 1-506 of the Complaint as if fully set forth herein. Except as expressly admitted, Defendants deny the allegations contained in paragraph 506 of the Complaint

508. Answering paragraph 508, Defendants state that paragraph 508 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that, in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 508 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph

508 are deemed factual allegations to which a response is required, Defendants deny those allegations.

509. Answering paragraph 509, Defendants state that paragraph 509 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 509 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 509 are deemed factual allegations to which a response is required, Defendants deny those allegations.

510. Answering paragraph 510, Defendants state that paragraph 510 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 510 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 510 are deemed factual allegations to which a response is required, Defendants deny those allegations.

511. Answering paragraph 511, Defendants state that paragraph 511 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 511 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 511 are deemed factual allegations to which a response is required, Defendants state that they lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 511 of the Complaint. Except as expressly admitted, Defendants deny the allegations contained in paragraph 511 of the Complaint.

512. Answering paragraph 512, Defendants state that paragraph 512 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice.

Therefore, the allegations contained in paragraph 512 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 512 are deemed factual allegations to which a response is required, Defendants deny those allegations.

513. Answering paragraph 513, Defendants state that paragraph 513 consists of legal arguments, characterizations, and conclusions to which no response is required. Defendants state that in its Dismissal Order, the Court dismissed all claims against Kurian with prejudice. Therefore, the allegations contained in paragraph 513 of the Complaint do not relate to any claim that remains in this case and no response is required. To the extent the allegations in paragraph 513 are deemed factual allegations to which a response is required, Defendants deny those allegations.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues upon which trial by jury may be had.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative and/or other defenses. To the extent that a defense asserted herein is an ordinary defense, Defendants do not intend to, and do not, assume any burden of proof, production, or persuasion that would not apply if such defense were not asserted herein. Defendants reserve the right to raise any additional defenses not asserted herein of which they may become aware through discovery or other investigation.

## FIRST AFFIRMATIVE DEFENSE

**(Reliance on Others)**

Plaintiffs' claims are barred in whole or in part because the alleged misrepresentations or omissions were based on good faith and reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom the Defendants were entitled to rely.

## SECOND AFFIRMATIVE DEFENSE

**(Good Faith)**

Plaintiffs' claims are barred in whole or in part because the Defendants acted at all times in good faith and exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Proportional Allocation of Fault)**

Any recovery for damages or loss allegedly incurred must be reduced, diminished, and/or eliminated under the proportionate liability provisions, as set forth in 15 U.S.C. §§ 77k(f)(2)(A), 78u-4(f), to reflect only each Defendant's percentage of responsibility.

**FOURTH AFFIRMATIVE DEFENSE**

**(Bespeaks Caution Doctrine)**

Plaintiffs' claims are barred in whole or in part by the fact that the alleged misstatements and omissions fall within the "bespeaks caution" doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

Plaintiffs' claims are barred in whole or in part by the fact that the alleged misstatements and omissions are forward-looking statements that fall within the "Safe Harbor" provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (Dec. 22, 1995), codified in relevant part at 15 U.S.C. § 78u-4 *et seq.*

**SIXTH AFFIRMATIVE DEFENSE**

**(Right to Rebut Presumption of Reliance)**

This action is barred, in whole or in part, because the fraud on the market theory is not a basis of liability with respect to one or more of the claims alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Absence of Reliance)**

This action is barred, in whole or in part, because of the absence of actual reliance by Plaintiffs on the statements, acts, or omissions alleged to have been made, or, in the alternative, because any reliance (if proved) was unreasonable.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Offset)**

Any harm suffered or damages incurred by Plaintiffs are subject to offset in the amount of any benefit received by Plaintiffs through their investments, including but not limited to any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

**NINTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

This action is barred, in whole or in part, because no person or entity may recover from any of the Defendants to the extent such person or entity had actual or constructive knowledge of the facts alleged in the Complaint to have been concealed or misrepresented.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiffs have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the stated damages, and Plaintiffs are therefore barred from recovering such damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Release)**

Plaintiffs' claims, or the claims of some or all members of the class that Plaintiffs purport to represent, are barred in whole or in part by the doctrine of release.

**WHEREFORE**, Defendants seek judgment:

A. dismissing all claims against Defendants;

B. awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

C. granting such other and further relief as this Court may deem just and proper.

Dated: April 21, 2021

MORRISON & FOERSTER LLP

By: */s/* Mark R.S. Foster

Attorneys for Defendants
ORACLE CORPORATION, SAFRA A. CATZ, PAULA R. HURD, AS TRUSTEE OF THE HURD FAMILY TRUST, LAWRENCE J. ELLISON, and KEN BOND