BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
MARK LEBOVITCH (admitted *pro hac vice*)
(markl@blbglaw.com)
JOHN RIZIO-HAMILTON (admitted *pro hac vice*)
(johnr@blbglaw.com)
ABE ALEXANDER (admitted *pro hac vice*)
(abe.alexander@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:   (212) 554-1444
        -and-
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (858) 793-0070
Fax:   (858) 793-0323

*Counsel for Lead Plaintiff Union Asset Management Holding AG and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Oracle Corporation Securities Litigation* | CLASS ACTION<br><br>Case No. 18-cv-04844-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  April 29, 2021<br>Time:  11:00 a.m. (by Zoom)<br>Judge: Hon. Beth Labson Freeman |

The parties submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2017; Civil Local Rule 16-9; and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

Counsel for the parties conferred telephonically on April 16, 2021 for a Rule 26(f) conference and have had subsequent communications on the topics set forth below.

1. Jurisdiction & Service

Union Asset Management Holding AG ("Lead Plaintiff") asserts claims arising under §§10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and the rules and regulations promulgated thereunder. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa. In addition, because this is a civil action arising under the laws of the United States, this Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1337.

Defendants have accepted service of the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint").[1]

2. Facts

Lead Plaintiff has asserted securities claims for damages under the Exchange Act on behalf of itself and all other persons or entities who purchased or otherwise acquired securities of Oracle Corporation ("Oracle" or the "Company") during the period from March 15, 2017 to June 19, 2018. The Complaint alleges, among other things, that Oracle and certain of its top officers made misleading statements about the drivers of its Cloud growth and Cloud deceleration without disclosing material information about the affect of Oracle's sales practices on the Cloud growth and subsequent deceleration of that growth.

Defendants deny Lead Plaintiff's material factual allegations and also deny that Defendants violated the federal securities laws.

---

[1] Capitalized terms herein have the same meanings as in the Complaint (ECF No. 68).

JOINT CASE MANAGEMENT STATEMENT
Case No. 18-cv-04844-BLF

3.  Legal Issues

The principal issues include whether this case should be certified as a class action and whether Defendants violated §§10(b) and 20(a) of the Exchange Act and Rule 10b-5, which Lead Plaintiff asserts raise issues of fact. Defendants disagree.

4.  Motions

On October 9, 2018, Union Asset Management Holding AG filed a motion for appointment as lead plaintiff. On December 21, 2018, the Court granted the motion, appointed it Lead Plaintiff, and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

On March 8, 2019, Lead Plaintiff filed its first complaint, the Consolidated Class Action Complaint for Violations of the Federal Securities Laws. On December 17, 2019, following briefing and oral argument, the Court granted Defendants' motion to dismiss, but granted Lead Plaintiff leave to amend.

On February 17, 2020, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws. On March 22, 2021, following briefing and oral argument, the Court denied in part, and granted in part, Defendants' motion to dismiss.

Lead Plaintiff will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify a class of investors in the securities of Oracle Corporation. Defendants presently expect to oppose class certification.

Defendants anticipate moving for summary judgment. Defendants may seek leave of Court to file an early summary judgment motion. Given that discovery is just getting underway, it is premature for Defendants to make that request or set a schedule for doing so.

5.  Amendment of Pleadings

The parties do not anticipate the addition of any new parties or claims at this time but reserve their respective rights.

6.     Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.     Disclosures

The parties will exchange their initial disclosures on May 21, 2021.

8.     Discovery

a.     **Discovery Taken to Date**

This action is governed by the Private Securities Litigation Reform Act (the "Reform Act"), pursuant to which all discovery was stayed during the pendency of the motion to dismiss and lifted on March 22, 2021, with the Court's order.

b.     **Scope of Discovery**

The parties believe that discovery is required for issues related to liability, damages, class certification, and the contentions and affirmative defenses in Defendants' answer.

c.     **Proposed Limits or Modifications to Discovery Rules**

Lead Plaintiff believes that this case will warrant an increase from the presumptive limits on the number of depositions set forth in Fed. R. Civ. P. 30.  Defendants state that the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure should apply to this case unless otherwise agreed by the parties or ordered by the Court.  As discovery progresses, the Parties will meet and confer with respect to the number or hours of depositions each side will require and, if necessary, will seek the Court's assistance in resolving any dispute.

d.     **E-discovery**

The parties are in the process of negotiating, and will present to the Court, a stipulated protocol for the production of electronically stored information that will govern document production and discovery in this case.  If necessary, the parties will seek the Court's assistance in resolving any dispute.

  **e.**  **Discovery Plan**

The Northern District of California's Guidelines for the Discovery of Electronically Stored Information, Guideline 2.02(d) instruct the parties to adopt procedures "so that discovery occurs first from sources most likely to have relevant and discoverable information and is postponed or avoided from [other] sources." The parties agree that documents should be produced on a rolling basis. After the parties respond to document requests, the parties will discuss appropriate prioritization of custodians and/or document categories. They will also discuss the timing of production of privilege logs.

  **f.**  **Discovery Disputes**

The parties have no discovery disputes at this time.

9.  <u>Class Actions</u>

Lead Plaintiff will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify a class of investors in the securities of Oracle.

Defendants currently anticipate that they will oppose Lead Plaintiff's motion to certify the class. The parties submit the following schedule in connection with Lead Plaintiff's motion for class certification:

| Event | Date |
|---|---|
| Lead Plaintiff's Motion for Class Certification | October 8, 2021 |
| Defendants' Opposition to Class Certification | December 9, 2021 |
| Lead Plaintiff's Reply re: Class Certification | February 9, 2022 |

The parties agree to this proposed schedule assuming that they will timely receive responsive discovery relating to class certification. The parties reserve the right to seek modification of this schedule in the event that relevant discovery cannot be obtained sufficiently in advance of the class certification deadlines.

10.  <u>Related Cases</u>

The Court, by an order dated April 25, 2019, related this action with *Chugh v. Oracle Corporation*, Case No. 19-cv-00764-BLF, a stockholder derivative action purportedly brought on behalf of Oracle against certain of Oracle's current and former officers and directors for

alleged breaches of fiduciary duty and violations of the Exchange Act in connection with allegedly misleading statements that are substantially identical to those at issue in this litigation. The parties are not aware of any other cases that are "related" within the meaning of Civil Local Rule 3-12(a).

11.  Relief

Through this action, Lead Plaintiff seeks (i) all damages and other remedies available under the Exchange Act in favor of Lead Plaintiff and all members of the Class against Defendants in an amount to be proven at trial, including interest thereon; (ii) their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and (iii) such other relief as the Court may deem just and proper.

Defendants dispute Lead Plaintiff's claims and expect to seek their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees to the extent authorized by the Reform Act (*see* 15 USC § 78u-4(c)) and all other such other relief as the Court may deem just and proper.

12.  Settlement & ADR

The parties have not engaged in settlement discussions. The parties will file certifications pursuant to ADR Local Rule 3-5(b), however the parties believe that discussions related to potential ADR processes is premature at this time.

13.  Consent to Magistrate Judge for All Purposes

The parties do not consent to having a magistrate judge conduct all further proceedings.

14.  Other References

The parties agree that the case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues

The parties are unable to agree at this stage of the proceedings to narrow the issues before the Court; however, they agree to remain in contact about ways to potentially narrow issues.

16. <u>Expedited Trial Procedure</u>

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedures of General Order No. 64 Attachment A.

17. <u>Scheduling</u>

In accordance with the parties' understanding of the Court's practice, the parties propose that they meet and confer to propose dates after the Court sets a trial date.

18. <u>Trial</u>

The parties have requested a trial by jury. The parties are not currently in a position to estimate the length of trial at this stage of the litigation. The parties will meet and confer on this issue as discovery proceeds and will seek the Court's assistance in resolving any dispute.

In the event that a class action is certified, the parties anticipate a two-phase trial with the first phase trial addressing common issues on liability and damages on a class-wide basis. If any Defendants are found liable, a second and later phase of the trial would provide Defendants the opportunity to rebut individualized issues of reliance and damages for participating class members, as well as any other issues appropriately deferred to a second phase.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Lead Plaintiff filed the Certificate of Interested Entities or Persons on March 30, 2021. Defendants filed their Corporate Disclosure Statement and Certification of Interested Entities or Persons on April 19, 2019.

20. <u>Professional Conduct</u>

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: April 22, 2021                     /s/     *John Rizio-Hamilton*

BERNSTEIN LITOWITZ BERGER &
 GROSSMANN LLP
JOHN RIZIO-HAMILTON (*pro hac vice*)
(johnr@blbglaw.com)

|   |   |   |
|---|---|---|
| 1 |   | MARK LEBOVITCH (*pro hac vice*) |
| 2 |   | (markl@blbglaw.com) |
|   |   | ABE ALEXANDER (*pro hac vice*) |
| 3 |   | (abe.alexander@blbglaw.com) |
|   |   | 1251 Avenue of the Americas |
| 4 |   | New York, NY 10020 |
|   |   | Tel: (212) 554-1400 |
| 5 |   | Fax: (212) 554-1444 |

JONATHAN D. USLANER (Bar No. 188574)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3472

*Counsel for Lead Plaintiff
Union Asset Management Holding AG and
Lead Counsel for the Class*


Dated: April 22, 2021                /s/            Mark R.S. Foster
                                     MORRISON & FOERSTER LLP
                                     JORDAN ETH (Bar No. 121617)
                                     JEth@mofo.com
                                     MARK R.S. FOSTER (Bar No. 223682)
                                     MFoster@mofo.com
                                     DAVID J. WIENER (Bar No. 291659)
                                     DWiener@mofo.com
                                     425 Market Street
                                     San Francisco, CA 94105
                                     Tel: (415) 268-7000
                                     Fax: (415) 268-7522

*Attorneys for Defendants Oracle
Corporation, Safra A. Catz, Paula R. Hurd,
as Trustee of the Hurd Family Trust,
Lawrence J. Ellison, and Ken Bond*

JOINT CASE MANAGEMENT STATEMENT                                              7
Case No. 18-cv-04844-BLF

## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  April 22, 2021                                    BERNSTEIN LITOWITZ BERGER
                                                                              & GROSSMANN LLP


                                                                    */s/      John Rizio-Hamilton*
                                                                    John Rizio-Hamilton