PAGES 1 - 16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE BETH LABSON FREEMAN

IN RE ORACLE CORPORATION SECURITIES LITIGATION, ) NO. 18-CV-04844 BLF ) VIA ZOOM VIDEOCONFERENCE

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 11:05 A.M. - 11:25 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF**
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN
1251 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10020
**BY: JOHN RIZIO HAMILTON, ESQUIRE**

**FOR DEFENDANT**
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482
**BY: JORDAN ETH, ESQUIRE**

***TRANSCRIBED BY: JOAN MARIE COLUMBINI, CSR #5435, RPR***
***RETIRED OFFICIAL COURT REPORTER, USDC***

THURSDAY, APRIL 29, 2021 11:05 A.M.

(TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

---OOO---

ELECTRONICALLY RECORDED PROCEEDINGS

**THE CLERK:** CALLING CASE 18-4844, CITY OF SUNRISE FIREFIGHTERS' PENSION FUND VERSUS ORACLE CORPORATION, ET AL.

COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES, AND IF YOU COULD BEGIN WITH PLAINTIFF AND THEN MOVE TO DEFENDANTS?

**MR. RIZIO-HAMILTON:** GOOD MORNING, YOUR HONOR. JOHN RIZIO-HAMILTON FROM BERNSTEIN, LITOWITZ, BERGER & GROSSMANN FOR THE LEAD PLAINTIFF.

**THE COURT:** GOOD MORNING.

AND MR. ETH, DO YOU WANT TO MAKE AN APPEARANCE?

**MR. ETH:** YES, I WAS WAITING FOR THE OTHER PLAINTIFFS' LAWYERS WHO --

**THE COURT:** OH, I DON'T HAVE THEM ON MY SCREEN SO MAYBE THEY'RE NOT MAKING --

(SIMULTANEOUS COLLOQUY.)

**MR. ETH:** OKAY. THAT'S FINE. GOOD MORNING, YOUR HONOR. JORDAN ETH FOR DEFENDANTS. IN THE GALLERY FROM ORACLE IS JAMES MAROULIS, SENIOR MANAGING COUNSEL.

**THE COURT:** GOOD. AND THANK YOU FOR JOINING.

ALL RIGHT. WELL, WE NEED TO SET A SCHEDULE IN THIS CASE NOW THAT THE PLEADINGS ARE SET.

AND COUPLE OF THINGS THAT I NOTED IN YOUR PAPERS WAS -- I SEE THAT THERE MAY -- PLAINTIFF, MR. RIZIO-HAMILTON, YOU SUGGEST THAT YOU MAY NEED MORE DISCOVERY THAN THE RULES PERMIT, AND LET ME JUST TELL YOU HOW I LIKE TO HANDLE THAT.

IF YOU NEED MORE -- THAT MAY BE APPROPRIATE -- I'LL NEED A COMPLETE DISCOVERY PLAN. I'LL NEED TO SEE WHY -- AND I DON'T WANT YOU TO PUT THE MOST IMPORTANT DISCOVERY BEYOND THE LIMIT AND DO THE SORT OF LESS IMPORTANT EARLY. BUT, TYPICALLY -- AND THEN, OF COURSE, YOU'LL NEED TO MEET AND CONFER. BUT ONCE YOU WORK OUT THE DISCOVERY PLAN, MY EXPERIENCE IS THAT THERE'S VERY LITTLE THAT'S STILL DEBATED ONCE MR. ETH CAN SEE EXACTLY WHAT YOU WANT AND CAN CONSIDER IT.

SO IF YOU CAN'T WORK IT OUT, THEN YOU'LL BRING IT EITHER TO ME OR TO THE MAGISTRATE JUDGE WHO'S HANDLING THE DISCOVERY ISSUES IN THE CASE.

**MR. ETH:** UNDERSTOOD.

**THE COURT:** I NOTED, ALTHOUGH WE DON'T HAVE TO RESOLVE IT NOW, A PROPOSAL OF A TWO-PHASED TRIAL. NOW I'VE NEVER TRIED A SECURITIES CASE TO A VERDICT, AND I DON'T KNOW HOW MANY EACH OF YOU HAS, BUT I'M NOT FAMILIAR -- YOU HAVE? OH, THAT'S GOOD.

BUT I'M NOT FAMILIAR WITH -- I ASSUME IT'S ONE JURY AND JUST TWO PHASES?

**MR. ETH:** WELL, YOUR HONOR, IT DOES GET COMPLICATED BECAUSE THERE AREN'T THAT MANY THAT HAVE GONE TO TRIAL. SO THERE ARE CERTAINLY INDIVIDUAL ISSUES IN TERMS OF A CLAIMS PROCESS. THERE MAY BE ISSUES ABOUT PROPORTIONATE LIABILITY. SO IT'S SOMETHING WE WANT TO MAKE SURE IT'S AT LEAST ON EVERYBODY'S RADAR SO DOWN THE ROAD WE CAN TALK FOR CONSTRUCTIVELY ABOUT IT.

**THE COURT:** OKAY. BUT -- AND ARE THESE JURY ISSUES, OR ARE THESE SOMETHING THAT CAN BE SENT TO A SPECIAL MASTER?

**MR. ETH:** WE THINK THEY'RE JURY ISSUES, BUT I CAN TELL YOU IN A SECURITIES CLASS ACTION JURY TRIAL HELD IN THE NORTHERN DISTRICT, THE WAY WE RESOLVED THAT IN FRONT OF JUDGE WILKEN IS WE HAD -- WE HAD THE JURY DO THE FIRST PHASE.

**THE COURT:** YEAH.

**MR. ETH:** AND ANY SECOND PHASE, WHICH NEVER OCCURRED IN THIS CASE, WAS GOING TO BE RESOLVED BY A COURT. THAT'S THE WAY WE SOLVED IT IN THAT CASE.

**THE COURT:** SURE. SO THAT'S -- SO, YOU KNOW, A SECOND PHASE THAT WAS RESOLVED BY THE COURT AND ULTIMATELY PROBABLY WOULD BE SENT TO A SPECIAL MASTER OR A MAGISTRATE JUDGE AND WE COULD DECIDE THAT, IS ONE THING, BUT I'M NOT GOING TO IMPANEL TWO JURIES. SO I WANT TO BE REALLY CLEAR ON THAT FROM THE GETGO.

SO IF THERE'S A RIGHT TO TRIAL BY JURY ON THESE ISSUES, IT'S GOING TO BE ONE JURY, AND I'M NOT -- I DON'T LIKE

PHASING FOR THE JURY BECAUSE IT'S SO -- I DON'T REALLY THINK JURIES SHOULD BE TOLD THAT THERE'S PART ONE AND PART TWO, BECAUSE I THINK IT COULD SKEW THEIR RULING -- THEIR DECISIONS ON PART ONE.

**MR. ETH:** I UNDERSTAND.

**THE COURT:** SO THEY GET OUT OF JURY DUTY SOONER. SO THEN IT MEANS I'M THE GOAT WHEN I HAVE TO TELL THEM, OH, YEAH, WE'RE NOT DONE. SO JUST EARLY ON I WANT YOU TO THINK ABOUT IT.

IF THERE'S NO RIGHT TO A JURY TRIAL ON THOSE REMAINING ISSUES, THEN I THINK WE HAVE A LOT OF ROOM TO DEAL WITH IT. OKAY? SO THAT WILL HELP YOU IN PLANNING, I HOPE.

**MR. ETH:** YES, THANK YOU.

**THE COURT:** ALL RIGHT. THEN THERE IS A SUGGESTION, MR. ETH, THAT YOU WANTED MORE THAN ONE SUMMARY JUDGMENT MOTION. SO ARE YOU READY TO TELL ME WHAT THE ISSUES ARE, OR ARE YOU JUST PUTTING UP THE FLAG FOR THE POTENTIAL.

**MR. ETH:** JUST PUTTING UP FLAG.

**THE COURT:** THAT'S FINE.

**MR. ETH:** WE DID, OBVIOUSLY, NOTE THAT THE RULING SAID THAT THERE'S A -- IT'S A NARROW OMISSIONS-BASED THEORY. GIVEN THAT, WE THOUGHT MAYBE WE COULD COME UP WITH A NARROW WAY OF GETTING RID OF THIS CASE EARLY, BUT WE ARE NOT TODAY --

**THE COURT:** OKAY.

**MR. ETH:** -- PREPARED TO SAY THIS IS WHERE WE'LL GO WITH THAT.

**THE COURT:** THAT'S FINE. SO LET ME -- THERE ARE A COUPLE OF THINGS THAT BECOME PROBLEMATIC FOR ME.

I BOOK UP MY SUMMARY JUDGMENTS YEARS IN ADVANCE AND SO HAVING A SPACE IS HARD. SO SCHEDULING IS AN ISSUE, BUT I'LL WORK WITH YOU ON THAT.

IF YOU WANT TWO SUMMARY JUDGMENT MOTIONS, YOU'LL JUST NEED MAKE A SUBMISSION. AND IT'S REALLY AN ADMIN MOTION KIND OF THING; IT'S NOT A BIG DEAL. BUT I'LL NEED TO KNOW WHAT ISSUES YOU WANT TO RAISE IN THE EARLY MOTION. I DON'T LET YOU RAISE THE SAME ISSUE IN YOUR SECOND MOTION. AND YOU STILL ONLY GET 25 PAGES ACROSS ALL SUMMARY JUDGMENT.

SO EVERYTHING IS NARROW IN THIS CASE BUT -- SO IF YOU WANT IT EARLY, YOU BASICALLY NEED TO PERSUADE ME IT'S THE HOME RUN THAT ENDS THE CASE. AND THEN IF YOU LOSE BECAUSE THEY'RE DISPUTED FACTS AND LATER DISCOVERY HELPS YOU, I WON'T LET YOU RAISE IT AGAIN.

**MR. ETH:** GOT IT. THANK YOU.

**THE COURT:** SO WE'RE NOT MAKING ANY DECISIONS ON THAT TODAY, BUT I THINK WE UNDERSTAND HOW THAT WOULD PROCEED. MR. RIZIO-HAMILTON, YOU HAVE A VERY AGGRESSIVE SCHEDULE FOR FILING YOUR CLASS CERT MOTION -- I ACTUALLY REALLY APPRECIATE THAT -- AND A BRIEFING SCHEDULE THAT LOOKS FINE. SO OCTOBER 8 OF 2021 IS THE DATE YOU PROPOSE, AND I WILL MAKE THAT PART OF THE CASE SCHEDULE.

**MR. RIZIO-HAMILTON:** THANK YOU SO MUCH, YOUR HONOR.

WE REALLY DO APPRECIATE THAT.

**THE COURT:** OKAY.

**MR. RIZIO-HAMILTON:** THE ONE CAVEAT THAT I THINK BOTH SIDES IN THAT SCHEDULE PUT INTO THE SUBMISSION WAS THAT WE WILL NEED CERTAIN DISCOVERY IN ADVANCE OF OUR BRIEFING DATES.

AND MR. ETH'S FIRM AND MY FIRM HAVE WORKED COOPERATIVELY IN OTHER CASES TO GET THAT KIND OF THING DONE. WE'RE GOING TO DO IT HERE. HOPEFULLY, THERE WON'T BE ANY NEED FOR ANY ADJUSTMENTS, BUT...

**THE COURT:** OKAY.

**MR. RIZIO-HAMILTON:** THANK YOU VERY MUCH FOR --

(SIMULTANEOUS COLLOQUY.)

**THE COURT:** SO WHAT YOU WILL DO, WITHIN TWO WEEKS OF FILING THE CLASS CERT MOTION, YOU CAN RESERVE A HEARING DATE.

**MR. RIZIO-HAMILTON:** OKAY.

**THE COURT:** I'M NOT GOING GIVE YOU ONE NOW.

**MR. RIZIO-HAMILTON:** RIGHT. TWO WEEKS IN ADVANCE.

**THE COURT:** TWO WEEKS IN ADVANCE, YES, AS SOON AS -- AND WE GIVE AWAY HEARING DATES ALL THE TIME, SO ON THAT FIRST DAY IT'S LIKE A RESTAURANT RESERVATION. AND I DON'T USE OPEN TABLE, SO IT'S A LOT HARDER.

AND THE ONLY THING I ASK -- AND I THINK IT'S FINE IN YOUR SCHEDULE. YOU SHOULD DEFINITELY WORK OUT -- YOUR SCHEDULE IS FINE, BUT, MR. RIZIO-HAMILTON, WHEN YOU ARE CALLING TIFFANY FOR A HEARING DATE, MAKE SURE THAT THE HEARING DATE IS AT LEAST

THREE WEEKS AFTER THE REPLY BRIEF. I JUST NEED THE TIME. OKAY? AND THAT SHOULDN'T BE A PROBLEM. BUT YOU'LL NEED TO LET HER KNOW THAT. SO WE'RE LOOKING AT EARLY MARCH WOULD BE THE EARLIEST THAT I WOULD HEAR THE MOTION TO GIVE ME THE THREE WEEKS, OKAY?

**MR. RIZIO-HAMILTON:** YES, YOUR HONOR.

**THE COURT:** THAT WOULD BE GREAT, BECAUSE YOUR TRIAL IS GOING TO BE PUT OFF BECAUSE OF MY SCHEDULE, IF YOU MISS ON THE OCTOBER 8 DATE, JUST LET ME KNOW, GIVE ME A NEW PROPOSED DATE TO FILE IT, BECAUSE THERE'S PLENTY OF TIME IN THE CASE SCHEDULE.

**MR. RIZIO-HAMILTON:** THANK YOU, YOUR HONOR.

**THE COURT:** I MEAN, I DON'T THINK CLASS CERTIFICATION IS THE BIGGEST ISSUE IN THESE CASES, SO -- BUT I'VE ACTUALLY NEVER HAD A CONTESTED CLASS CERT IN A SECURITIES CASE.

AND YOU KNOW FROM MY RECORD, I DON'T LET MANY BAT THROUGH THE CHUTE ON PLEADINGS. SO -- AND NOT MANY GET THROUGH FROM ANY JUDGES UNDER THE PSLRA, SO THERE WE ARE ON THAT.

WHAT I WOULD LIKE TO DO IS TO GIVE YOU YOUR TRIAL DATE SO THAT YOU CAN WORK TOWARD THAT, AND I WILL SET YOUR -- I'M GOING TO SET THE TRIAL IN THIS CASE ON NOVEMBER 6 OF 2023. I KNOW THAT'S A LONG WAY FROM NOW, AND I'M SORRY.

I'M GOING TO SET YOUR FINAL PRETRIAL CONFERENCE ON OCTOBER 5 OF 2023. THAT'S AT 1:30 IN THE AFTERNOON.

AND I'M GOING TO SET THE LAST DAY THAT I'LL SET

SUMMARY JUDGMENT -- AND THIS IS THE HEARING DATE, NOT THE FILING DATE -- IS JUNE 15 OF 2023. I'M GOING TO RESERVE THAT DATE FOR YOU SO THAT YOU DON'T NEED TO WORRY ABOUT MY CALENDAR BEING FULL WHEN YOU FILE MOTIONS, AND I WILL -- AND I -- YOU KNOW, AGAIN, YOU'RE WELCOME TO USE THE BARE 35 DAYS OF FILING IN ADVANCE OF THE HEARING DATE, OR YOU CAN NEGOTIATE A MORE COMFORTABLE BRIEFING SCHEDULE. I LEAVE THAT TO YOU.

AND IT PROBABLY MAKES SENSE TO GIVE YOURSELVES A LITTLE MORE ROOM. I JUST NEED -- THE CLOSING BRIEFS NEED TO BE FILED AT LEAST TWO WEEKS IN ADVANCE OF THE HEARING ON THE CLASS CERT. BECAUSE YOU'RE GIVING YOURSELF SUCH GENEROUS TIME, I TOOK AN EXTRA WEEK FOR MYSELF AS WELL. SO THAT SHOULD TAKE CARE OF THAT.

I WILL SEND ANY DISCOVERY DISPUTES TO THE MAGISTRATE JUDGE ASSIGNED TO THE CASE.

AND THE ONE THING I DO KNOW IN THIS CASES IS THAT THE PARTIES GENERALLY TALK SETTLEMENT EARLY, AND HOPEFULLY OFTEN, BECAUSE, I MEAN, IN CERTAIN WAYS YOU UNDERSTAND THE ISSUES IN THE CASE BETTER AT AN EARLY -- AT AN EARLY STAGE.

SO WHAT IS YOUR -- WHAT IS YOUR THOUGHT ON SETTLEMENT -- ON ADR SETTLEMENT DISCUSSIONS?

**MR. RIZIO-HAMILTON:** WELL, AS YOUR HONOR SAW IN OUR JOINT SUBMISSION, YOU KNOW, BOTH PARTIES DID THINK IT WAS PROBABLY A LITTLE EARLY, BUT I CAN TELL YOU THAT HISTORICALLY AND IN MY EXPERIENCE, PRIVATE MEDIATION HAS BEEN --

**THE COURT:** YEAH.

**MR. RIZIO-HAMILTON:** -- PRETTY EFFECTIVE IN THIS CONTEXT. AND, YOU KNOW, I THINK AS A GENERAL MATTER, WE THINK THAT'S THE BEST WAY TO PROCEED.

**THE COURT:** MR. ETH, DO YOU AGREE FOR YOUR CLIENTS?

**MR. ETH:** IN THESE TYPES OF MATTERS WHEN THERE IS SETTLEMENT DISCUSSIONS, THEY TYPICALLY INVOLVE PRIVATE MEDIATORS.

**THE COURT:** OKAY. THERE ARE A LOT OF GOOD ONES. THEY'RE WELL-KNOWN.

SO WHAT KIND OF TIMELINE MAKES SENSE FOR YOU, BECAUSE I USUALLY GIVE YOU A DEADLINE FOR THAT FIRST MEDIATION SESSION. WHAT MAKES SENSE HERE?

**MR. ETH:** YOU KNOW, WE HAVEN'T DISCUSSED THAT PARTICULAR QUESTION YET.

**THE COURT:** WELL, I GUESS WHAT I'M LOOKING AT HERE, DOES IT MAKE SENSE FOR YOU TO TRY TO SETTLE THE CASE BEFORE THE CLASS CERT MOTION IS FILED? THAT'S WHAT I AM LOOKING AT.

**MR. ETH:** IT COULD. AND THE ONLY OTHER THING I'D ADD IS THAT OFTEN MEDIATION IN THESE CASES CAN BE, YOU KNOW, A PROCESS THAT TAKES SOME TIME.

**THE COURT:** YEAH.

**MR. ETH:** MEDIATOR'S CALENDARS ALSO AFFECT IT. WE COULD -- WE COULD TRY AND ENGAGE IN DISCUSSIONS BEFORE THE CLASS CERT MOTION IS FILED AND/OR RESOLVED AND SEE WHAT

HAPPENS. YOU KNOW, I'M ALWAYS WILLING TO TALK. I THINK IT'S NEVER A BAD IDEA TO TALK.

**THE COURT:** WELL, YOU KNOW -- AND I APPRECIATE THAT, BUT I ALSO RECOGNIZE IN SECURITIES CASES THAT THESE MEDIATORS CAN EASILY BE $10- TO $15- TO $20,000 A DAY.

**MR. ETH:** YEAH.

**THE COURT:** YOU KNOW THAT BETTER, RIGHT? ARE THEY EVEN MORE?

**MR. ETH:** OH, YES. OH, YES.

**THE COURT:** I MEAN, SO -- AND THEY WOULD HAVE TO LOWER THEIR PRICES IF LAWYERS DIDN'T FIND THEM WORTH IT.

SO I'M NOT WANTING YOU TO SPEND $20,000 OF YOUR CLIENTS' MONEY IF YOU'RE NOT FINDING THAT IT'S REASONABLE. BUT I DO THINK AT THESE MAJOR JUNCTURES WHERE THERE'S GOING TO BE CLASS CERTIFICATION OR SUMMARY JUDGMENT, THAT'S WHEN WE WANT TO LOOK AT IT.

SO IT SOUNDS LIKE YOU'RE NOT EVEN READY TO AGREE THAT YOU WILL HAVE A MEDIATION SESSION BEFORE OCTOBER 8. IS THAT WHAT I'M READING FROM YOU?

**MR. RIZIO-HAMILTON:** NOT FROM ME. I MEAN, I WOULD AGREE TO SPEAK BEFORE OCTOBER 8TH.

**THE COURT:** OKAY. MR. ETH.

**MR. ETH:** I THINK THAT NOW THAT WE HAVE A TRIAL DATE, THIS IS THE KIND OF THING WE SHOULD DISCUSS WITH OUR CLIENTS AND WITH OTHER -- AND WITH PLAINTIFFS' COUNSEL AND SEE WHAT AN

OVERALL SCHEDULE WILL LOOK LIKE AND FIGURE WHERE WE CAN PLACE THAT IN THE SCHEDULE.

**THE COURT:** YEAH, SO I -- I ACTUALLY WANT A DEADLINE FROM YOU. I'M JUST NOT GOING TO FORCE A -- FORCE ONE. THE DATES YOU GAVE ME WERE FOR THE CLASS CERTIFICATION, AND THAT'S -- I THINK THAT'S ALL YOU GAVE ME, WHICH IS FINE, AND I'M NOT GOING TO EVEN HEAR THE MOTION ON CLASS CERT UNTIL THE FIRST WEEK IN MARCH, PROBABLY, AND SO I THINK WHAT I'M GOING TO HAVE YOU DO -- BECAUSE I AM GOING TO HAVE YOU WORK OUT THE REMAINDER OF THE CASE SCHEDULE BASED ON THE TRIAL DATES. I NEED YOU TO ADD INTO THE CASE SCHEDULE A DEADLINE FOR COMMENCING MEDIATION.

I WOULD SAY I DON'T WANT TO PASS THE HEARING DATE ON THE CLASS CERT MOTION. I THINK THAT WOULD BE UNREASONABLE TO DELAY IT PAST THAT. IF YOU ACTUALLY WANT TO SEE THE CLASS CERT MOTION AND LOOK AT MEDIATION IN THE EARLY PART OF 2022, I'M NOT GOING TO BE UPSET ABOUT THAT. I THINK THAT GIVES YOU AMPLE TIME.

**MR. ETH:** OKAY. THANK YOU, YOUR HONOR.

**THE COURT:** ALL RIGHT. SO I DO NEED YOU TO MEET AND CONFER AND WORK OUT ALL OF THE DISCOVERY CUTOFF DATES AND THE EXPERT DISCLOSURE AND CUTOFF DATES. YOU'RE GOING TO ADD THE MEDIATION DATE FOR ME.

AND I JUST WANT TO GO OVER A FEW OF MY RULES WITH YOU BECAUSE I DON'T WANT YOU TO BE CAUGHT UP SHORT WHEN YOU FILE

MOTIONS. PLEASE LOOK AT MY STANDING ORDERS. PLEASE HAVE YOUR ASSOCIATES LOOK AT MY STANDING ORDERS.

BUT THE THING THAT I'M ACTUALLY MOST CONCERNED ABOUT THAT YOU KNOW AT THE BEGINNING IS MY RULES ON DAUBERT MOTIONS BECAUSE THESE ARE EXPERT-DRIVEN CASES, AND SO THERE'S SOME PRETTY SERIOUS DEADLINES THAT YOU HAVE TO CONSIDER.

SO FOR CLASS CERTIFICATION AND FOR SUMMARY JUDGMENT, IF A PARTY USES EXPERT TESTIMONY IN SUPPORT OR OPPOSITION TO THE MOTION AND THE OPPOSING PARTY WANTS TO CHALLENGE THE ADMISSIBILITY ON DAUBERT OR OTHER GROUNDS, THOSE CHALLENGES MUST BE CONTAINED WITHIN THE BODY OF YOUR PAPERS ON THE SUBSTANTIVE MOTION, AND YOU DON'T GET EXTRA PAGES. THAT'S IN OUR COURT'S LOCAL RULES. THAT'S NOT MY PERSONAL RULE. IT'S A GREAT RULE. BUT ALL EVIDENTIARY OBJECTIONS HAVE TO BE CONTAINED WITHIN THE MOTION OR THE OPPOSITION OR THE REPLY AND WITHIN THE PAGE LIMITS.

SO IF YOU FILE A STANDALONE DAUBERT MOTION, THAT'S FINE. I WILL DECIDE IT IN ADVANCE OF TRIAL, AND PROBABLY NO SOONER. BUT I WILL -- EVEN IF YOU SECURE A HEARING DATE, I AM -- YOU WOULD BE -- I WOULDN'T -- I WON'T CONSIDER IT. IT WOULD NOT BE RELATED TO THE MOTION.

IN TERMS OF DAUBERT MOTIONS FOR EXPERTS THAT WILL BE USED AT TRIAL, I'VE GOT -- I'VE GOT PAGE LIMITS. YOU WON'T MEMORIZE THEM NOW. THEY'RE IN MY STANDING ORDER. BUT THE THING I WANT YOU TO KEEP IN MIND IS THE TIME, THE RUNWAY ON

THIS.

IF YOU WANT ME TO CONSIDER DAUBERT MOTIONS, THE LAST DAY TO HEAR THEM IS NO LATER THAN 60 DAYS BEFORE TRIAL. SO THAT WILL BE IN SEPTEMBER OF 2023. IT TAKES FIVE TO SIX MONTHS TO SECURE A HEARING DATE, AND SO YOU SHOULD CONSIDER THAT YOU NEED TO FILE A DAUBERT MOTION EIGHT OR NINE MONTHS IN ADVANCE OF TRIAL. IF YOU CAN'T -- AND I DON'T RESERVE DATES. AND IF YOU CAN'T SECURE A DATE AND IT'S SET CLOSER THAN 60 DAYS, I'LL STRIKE IT.

BUT THERE'S A FAILSAFE. IT'S NOT -- IT'S NOT THAT BAD. YOU CAN USE YOUR MOTIONS IN LIMINE FOR DAUBERT MOTIONS. I ALLOW FIVE PER SIDE AND FIVE PAGES EACH, AND, FRANKLY, NO MATTER HOW COMPLEX THE CASE, I'VE NEVER SEEN A DAUBERT MOTION THAT NEEDS MORE THAN FIVE PAGES. SO, YOU KNOW, THOSE ARE FILED TWO WEEKS IN ADVANCE OF THE FINAL PRETRIAL CONFERENCE. SO YOU HAVE AMPLE TIME TO DEVELOP ALL YOUR EXPERT TESTIMONY AND THEN TO BRIEF IT.

I HAVE A CASE GOING TO TRIAL IN TWO WEEKS AND I THINK I HAD SIX DAUBERT MOTIONS IN THERE AMONG THEIR TEN IN LIMINE MOTIONS. SO, YOU KNOW, THEY WAITED. I THINK THEY MUST HAVE THOUGHT THEY WERE GOING TO SETTLE, BUT THEY DIDN'T, AND IT WAS FINE BECAUSE THEY ALL GOT DECIDED, AND SO THAT IS YOUR FAILSAFE ON IT, AND THAT'S -- I MEAN, I GET A LOT OF THAT BECAUSE OF THE TIMELINES, AND THEY ARE DIFFICULT.

BUT I JUST WANT YOU TO KNOW ALL OF THAT UPFRONT

BECAUSE IT CAN REALLY AFFECT HOW YOU BRIEF THINGS, AND IF YOU CAN'T CHALLENGE THE EVIDENCE AT CLASS CERT OR AT SUMMARY JUDGMENT BECAUSE OF THE RULES, I KNOW THAT WILL BE A MONKEY WRENCH THAT YOU DON'T NEED.

AND THEN ON FORMATTING I'LL LET YOU READ MY STANDING ORDERS. YOU'RE GNASHING YOUR TEETH. IT'S MY PET PEEVES, BUT IT'S THE WAY IT GOES. SO I APPRECIATE YOUR COURTESY ON THAT.

OKAY. LET'S SEE. I NEED YOU TO GET THAT STIP IN ORDER ON THE CASE SCHEDULE BACK TO ME. IF I COULD HAVE THAT BY MAY 21ST, I'D APPRECIATE IT.

AND IS THERE ANYTHING ELSE WE NEED COVER TODAY?

**MR. RIZIO-HAMILTON:** NOT FOR PLAINTIFFS, YOUR HONOR. THANK YOU FOR YOUR TIME.

**MR. ETH:** NO, YOUR HONOR. I THINK THAT'S IT.

**THE COURT:** SO I DON'T HOLD REGULAR CASE MANAGEMENT CONFERENCES. I FIND THAT THEY SORT OF COME UP WHEN YOU DON'T NEED IT. IF AN ISSUE ARISES, PLEASE SEND ME A JOINT STATEMENT, TELL ME WHAT THE ISSUE IS, WHAT THE PROBLEM IS, AND ASK FOR A CASE MANAGEMENT CONFERENCE. I USUALLY GET YOU TOGETHER LIKE THIS, VIRTUALLY, NOT IN PERSON, WITHIN A FEW DAYS. AND THEN WE'LL EITHER RESOLVE IT OR WE'LL AGREE YOU NEED TO FILE MOTIONS. BUT I THINK IT'S MORE EFFICIENT FOR ME AND I THINK FOR YOU, TOO, TO HANDLE CASE THAT MANAGEMENT THAT WAY.

OKAY? GREAT.

**MR. RIZIO-HAMILTON:** THANK YOU, YOUR HONOR.

**THE COURT:** ALL RIGHT. THANK YOU BOTH.

**MR. ETH:** THANK YOU.

(PROCEEDINGS ADJOURNED AT 11:25 A.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

jmcolumbini

JOAN MARIE COLUMBINI

MAY 7, 2021