BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
MARK LEBOVITCH (admitted *pro hac vice*)
(markl@blbglaw.com)
JOHN RIZIO-HAMILTON (admitted *pro hac vice*)
(johnr@blbglaw.com)
ABE ALEXANDER (admitted *pro hac vice*)
(abe.alexander@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (858) 793-0070
Fax: (858) 793-0323

*Counsel for Lead Plaintiff Union Asset Management Holding AG and Lead Counsel for the Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Oracle Corporation Securities Litigation* | CLASS ACTION<br><br>Case No. 18-cv-04844-BLF<br><br>**THE PARTIES' JOINT SUBMISSION RE: CASE SCHEDULE** |

Lead Plaintiff Union Asset Management Holding AG ("Lead Plaintiff") together with Defendants Oracle Corporation, Safra A. Catz, Paula R. Hurd, as Trustee of the Hurd Family Trust, Lawrence J. Ellison, and Ken Bond (collectively, "Defendants") make the following joint submission regarding the case schedule. At the conclusion of this submission, each Party has described its position on the one item remaining in dispute.

**THE PARTIES' JOINT STATEMENT**

The Parties filed their Joint Case Management Statement (ECF No. 90) and agreed to meet and confer and propose a schedule to govern this Action after the Court set a trial date.

On April 29, 2021, the Court held the Case Management Conference (ECF No. 92).

On April 30, 2021, the Court entered the Case Management Order (ECF No. 94), setting certain deadlines and dates, including the last day to request leave to amend the pleadings; last day to file the motion for class certification; last day to hear dispositive motions; final pretrial conference; and trial.

In the Case Management Order, the Court requested that the Parties meet, confer, and submit by May 21, 2021, a stipulation and order setting all deadlines not already set by the Court.

The Parties have met and conferred on the stipulated schedule.

With one exception identified below, the Parties have agreed on a stipulated schedule, subject to the approval of the Court:

| Event | Date or Deadline |
|---|---|
| Parties to Exchange Initial Disclosures Pursuant to Rule 26(a) | May 21, 2021 |
| Last Day to Request Leave to Amend the Pleadings per F. R. Civ. P. 15 | June 29, 2021 |
| Substantial Completion of Document Production | **Plaintiff's proposal:** December 23, 2021<br>**Defendants' proposal:** April 28, 2022 |
| Initial Mediation | By February 16, 2022 |

| Event | Date or Deadline |
|---|---|
| Plaintiff to Move for Class Certification | October 8, 2021 |
| Defendants to File Any Opposition to Class Certification | December 9, 2021 |
| Deadline to File Reply in Further Support of Class Certification | February 9, 2022 |
| Tentative Hearing Date for Class Certification | March 3, 2022 |
| Deadline to Complete Fact Discovery | September 15, 2022<br><br>*Including deadline to bring any motions to compel or other discovery-related motions |
| Identification of Experts by Party Bearing Burden of Proof | September 23, 2022 |
| Deadline to Serve Opening Expert Reports for Issues on Which the Party Bears the Burden of Proof | October 18, 2022 |
| Identification of Rebuttal Experts | October 24, 2022 |
| Deadline to Serve Rebuttal Expert Reports | November 22, 2022 |
| Deadline to Serve Reply Expert Reports | December 22, 2022 |
| Expert Discovery | January 3, 2023 – January 31, 2023<br><br>*Expert depositions to occur within this period |
| Deadline to File Dispositive Motions | March 6, 2023 |
| Deadline to File Oppositions to Dispositive Motions | April 20, 2023 |
| Deadline to File Replies for Dispositive Motions | May 25, 2023 |

| Event | Date or Deadline |
|---|---|
| Last Day to Hear Dispositive Motions | June 15, 2023 (9:00 AM) |
| Final Pretrial Conference | October 5, 2023 (1:30 pm) |
| Trial | November 6, 2023 (9:00 am) |

**DISPUTED ISSUE**

As noted above, the Parties reached agreement on all dates in the proposed schedule with one exception: the date for the substantial completion of document production. Lead Plaintiff proposes a deadline of December 23, 2021. Defendants propose a deadline of April 28, 2022. The Parties' respective positions are briefly set forth below.

**Lead Plaintiff's Position**: Lead Plaintiff believes that its proposed deadline for the substantial completion of document production in response to initial requests is appropriate for several reasons. First, Lead Plaintiff served its initial requests for production on Defendants on April 27, 2021, and Defendants will have eight months to substantially complete their document production responsive those initial requests. This provides more than adequate time when compared to other securities class action discovery schedules, including those entered by this Court. *See, e.g., In re Extreme Networks, Inc. Sec. Litig.*, 15-cv-4883-BLF (ECF No. 143) (completion of substantial document production scheduled six months after initial discovery requests served); *In re Sandisk LLC Sec. Litig.*, 15-cv-1455 (ECF No. 194) (completion of substantial document production scheduled three months after initial discovery requests served); *Hatamian v. Advanced Micro Devices, Inc.*, 14-cv-226 (ECF No. 129) (completion of substantial document production scheduled four months after initial discovery requests served).

Second, Defendants' proposal would give Defendants a year to substantially complete their document production in response to initial requests, while giving Lead Plaintiff less than five months to: (i) analyze the documents; (ii) issue and receive necessary third-party discovery based on those documents; and (iii) take all of the fact depositions. This is a lopsided allocation of the fact discovery period that is heavily and unnecessarily tilted in Defendants' favor. By

contrast, Lead Plaintiff's proposal provides both sides approximately eight months to substantially complete document production and then nine months to complete the additional critical steps noted above. This is a more equitable and appropriate allocation of the fact discovery period, and it accords with other securities class action discovery schedules, including those entered by this Court. *See, e.g., Extreme Networks*, 15-cv-4883-BLF (ECF No. 143) (thirteen months between the completion of substantial document production for initial discovery requests and the close of fact discovery); *Hatamian*, 14-cv-226 (ECF No. 129) (eight months between the completion of substantial document production for initial discovery requests and the close of fact discovery).

Defendants incorrectly characterize the schedule in *Extreme Networks*, 15-cv-4883-BLF, and similar cited cases, to support their proposed schedule. In *Extreme Networks*, the Court set a <u>six-month</u> deadline for the substantial completion of document production in response to initial discovery requests and set a <u>separate</u> deadline for producing in response to follow up discovery requests. Defendants conflate these two schedules, treating them as a single schedule covering initial requests. Here, Lead Plaintiff intends for the substantial document production deadline to apply <u>only</u> to the initial document requests, which were served on April 27. Lead Plaintiff does not anticipate serving any additional discovery requests, but if it becomes necessary, Lead Plaintiff will confer with Defendants and mutually agree to a <u>later</u> substantial completion date for those requests. Given that Lead Plaintiff does not intend to serve follow up requests, it did not include a schedule for such requests in this submission.

<u>Third</u>, per the Court's Case Management Order, the Parties intend to hold an initial mediation session by February 16, 2022. Providing for the substantial completion of document production before the mediation will give the mediation the best chance of success because it will allow the Parties to intelligently evaluate the claims based on the documentary record.

<u>Fourth</u>, the deadline that Lead Plaintiff proposes is not for the full completion of document production; it is only for substantial completion of documents in response to initial

requests. Defendants will have additional time to fully complete their production later in the discovery period, if needed.

Finally, Defendants' reasons for why they should be allowed an entire year to substantially produce their documents fail. Defendants' assertion that Plaintiff's schedule is "front-loaded" is incorrect: the proposed schedule provides Defendants eight months to substantially produce documents responsive to the first set of document requests—ample time by any measure. And, contrary to what Defendants assert, the law does not permit them to effectively stay document discovery until the court hears and/or rules on class certification. The law is plain that document discovery commences immediately upon a denial of a motion to dismiss in securities class actions. By asking to delay the substantial completion of document production until nearly two months after Lead Plaintiff has argued class certification, Defendants are effectively asking the Court to bifurcate merits and class discovery—a request that is "disfavored" and regularly denied in securities class actions, where courts routinely grant class certification. *See Todd v. STAAR Surgical Co.*, 2017 WL 821662, at *3 (C.D. Cal. Jan. 5, 2017) ("As the Ninth Circuit has so aptly stated, securities fraud cases fit Rule 23 'like a glove.'"); *see also White v. E-Loan, Inc.*, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006) (discovery bifurcation motions are "disfavored"); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) (rejecting bifurcation, collecting cases, and noting that "many courts are reluctant to bifurcate class-related discovery from discovery on the merits"); *Garza v. Brinderson Constructors, Inc.*, 2017 WL2861128, at *1 (N.D. Cal. July 5, 2017); *Smith v. Levine Leichtman Capital Partners, Inc.*, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011).

Defendants' remaining miscellaneous arguments fail. Their self-serving characterization of Lead Plaintiff's document requests as "overly broad" is irrelevant. Disputes about document requests—routine in litigation—will be expeditiously resolved through Defendants' objections and the ensuing meet-and-confer process and, if necessary, motion practice. Indeed, Defendants served thirty-seven requests on Lead Plaintiff, some of which seek documents for an eleven-year period, and these requests will be resolved in the same way. Any such theoretical dispute (on

either side) surely does not warrant an entire year to substantially produce responsive documents. Next, Defendants' contention that their "proposal still allows Plaintiff the leisurely pace of [taking] one deposition per week" is based on faulty math, ignoring that, after the receipt of the document productions, Lead Plaintiff will require significant time to review and analyze them before conducting any depositions. Defendants' proposal, if accepted, would severely constrain Lead Plaintiff's ability to conduct effective depositions and third-party discovery before the fact discovery deadline. Equally without merit is Defendants' assertion that the "COVID-19 pandemic" requires a year for them to produce documents. While the pandemic may interfere with Lead Plaintiff's taking depositions, it poses little-to-no interference with Defendants' ability to review and produce documents—nearly all of which are in an electronic form and can be reviewed remotely.

**Defendants' Position:** Plaintiffs propose that Defendants substantially complete their document production by December 23, 2021—nearly two years before trial (and in the midst of the holiday season). Defendants' proposal of April 28, 2022 (18 months before trial) makes more sense.

First, document discovery in securities class actions is asymmetrical and the most burdensome and expensive aspect of discovery, a factor animating the Reform Act's passage. *Cf.* H.R. CONF. REP. NO. 104-369, at 37 (reporting that discovery accounts for 80% of costs in securities cases). Plaintiffs seek to front-load most of that cost before class certification, a strategy long seen as coercive. *Id.*; *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 547 U.S. 71, 81 (2006); *see* Manual for Complex Litig. § 21.14 (4th ed.) (merits discovery "may ultimately be unnecessary" if class is not certified).

Second, Plaintiffs' date assumes that document production can begin immediately. That is unrealistic in light of the breadth of Plaintiffs' 66 document requests. Plaintiffs' document requests served in late April are not merely an "initial" set. Given the number and breadth of the requests, the vast majority—if not all—of Defendants' document productions in this matter will be in response to this first set of requests. For example, Plaintiffs demand "*all documents*

concerning Cloud Product revenues and sales" for a 56-month period, even though this Court held that it was allowing only a "narrow omissions" case concerning 11 statements made over 13 months. (ECF 84 at 35 & n.19.) Given Plaintiffs' starting place, it may take time (and possibly Court intervention) for the parties to reach agreement on a reasonable scope of discovery.

Third, Defendants' proposal aligns with the case schedule that this Court approved in *In re Extreme Networks, Inc. Sec. Litig.*, Case No. 5:15-cv-04883-BLF (ECF 143), in which approximately 62% of the total fact discovery period was allocated for document and written discovery. Here, Defendants' proposal would allocate approximately 70% of the fact discovery period to document production and written discovery, while Plaintiffs' proposal would allocate just 45%. Even if Plaintiffs are permitted to take 20 depositions (double the limit), Defendants' proposal still allows Plaintiffs the leisurely pace of one deposition per week. Plaintiffs mistakenly compare deadlines for substantial completion of production in response to *initial* document requests in *Extreme Networks* and *Hatamian*. Here, the date at issue is substantial completion for *all* document production. Reviewing the correct, later substantial completion dates from *Extreme Networks* and *Hatamian* shows a schedule comparable to Defendants' proposal. Further, the parties in *SanDisk* were unable to meet the aggressive initial schedule and obtained a discovery extension five months later. (*See* 15-cv-1455 (ECF No. 228).)

Finally, even as there are signs that the disruption caused by the COVID-19 pandemic is waning, it is still a realistic near-term challenge for which Defendants' proposal accounts.

Plaintiffs' arguments are not persuasive. Plaintiffs do not need nine months after substantial completion to "analyze" documents produced or take third-party discovery. As in all complex securities litigation, Plaintiffs here can, and will, analyze Defendants' documents on a rolling basis as productions occur. The same holds true for the unspecified third-party discovery that likely has little, if any, merit given that this case turns on the accuracy of Oracle statements and the state of mind of its speakers.

There also is no basis for Plaintiffs' claim to need all documents before the mediation deadline to "intelligently evaluate" the case. By that logic, mediation should be after depositions

and a class certification decision so that Defendants can "intelligently evaluate" the case. The whole point of early mediation is to make an intelligent decision based on extensive (but still incomplete) information before the parties incur significant unrecoverable costs. Also, the four to six weeks between Plaintiffs' proposed deadline and an initial mediation is inconsistent with Plaintiffs' stated need for nine months to analyze documents between substantial completion and close of fact discovery.

* * *

The Parties and their counsel thank the Court for its attention to this matter.

Dated: May 21, 2021

/s/ *John Rizio-Hamilton*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
JOHN RIZIO-HAMILTON (*pro hac vice)*
(johnr@blbglaw.com)
MARK LEBOVITCH (*pro hac vice)*
(markl@blbglaw.com)
ABE ALEXANDER (*pro hac vice)*
(abe.alexander@blbglaw.com)
NICHOLAS GERSH (*pro hac vice*)
(nicholas.gersh@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

JONATHAN D. USLANER (Bar No. 188574)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3472

*Counsel for Lead Plaintiff Union Asset Management Holding AG and Lead Counsel for the Class*

Dated: May 21, 2021

*<u>/s/ Mark R. S. Foster</u>*

MORRISON & FOERSTER LLP
JORDAN ETH (Bar No. 121617)
JEth@mofo.com
MARK R.S. FOSTER (Bar No. 223682)
MFoster@mofo.com
ROBERT W. MAY (CA SBN 295566)
RMay@mofo.com
DAVID J. WIENER (Bar No. 291659)
DWiener@mofo.com
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants Oracle Corporation, Safra A. Catz, Paula R. Hurd, as Trustee of the Hurd Family Trust, Lawrence J. Ellison, and Ken Bond*

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: May 21, 2021

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton