1  BERNSTEIN LITOWITZ BERGER
     & GROSSMANN LLP
2  MARK LEBOVITCH (admitted *pro hac vice*)
   (markl@blbglaw.com)
3  JOHN RIZIO-HAMILTON (admitted *pro hac vice*)
   (johnr@blbglaw.com)
4  ABE ALEXANDER (admitted *pro hac vice*)
   (abe.alexander@blbglaw.com)
5  1251 Avenue of the Americas
   New York, NY 10020
6  Tel:     (212) 554-1400
   Fax:    (212) 554-1444
7           -and-
   JONATHAN D. USLANER (Bar No. 256898)
8  (jonathanu@blbglaw.com)
   2121 Avenue of the Stars, Suite 2575
9  Los Angeles, CA 90067
   Tel:     (858) 793-0070
10 Fax:    (858) 793-0323
11
12 *Counsel for Lead Plaintiff Union Asset*
   *Management Holding AG and Lead Counsel*
13 *for the Class*
14
15
16                    UNITED STATES DISTRICT COURT
17                   NORTHERN DISTRICT OF CALIFORNIA
18
   *In re Oracle Corporation Securities*          Case No. 5:18-cv-4844-BLF
19 *Litigation*
                                                    ECF CASE
20
21                                                  **STIPULATED PROTECTIVE**
                                                    **ORDER**
22
23
24
25
26
27
28

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or that are (i) prohibited from disclosure by statute; (ii) trade secrets; (iii) confidential research, development, proprietary, or commercial information; (iv) personal medical information; or (v) private individual identificatory information such as Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2s, 1099s, and banking or credit information.

2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant (including jury or trial consultants) in this action, as well as the expert witness's or consultant's assistants, support staff, and agents.

2.7     "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would cause a substantial risk of competitive harm that could not be avoided by less restrictive means, including, but not limited to, (i) trade secrets; or (ii) confidential research, development, proprietary, or commercial information, the disclosure of which would be reasonably expected to cause competitive harm.

2.8     <u>House Counsel</u>:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no contractual or legal obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only material, documents, items, or oral or written communications that qualify – so that other material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.  If a Designating Party designates an entire document as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY notwithstanding that only parts of the document are CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, nothing herein prevents a Receiving Party from challenging the designation as to parts of the document.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then that Designating Party must promptly notify all Receiving Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Alternatively, counsel for a deposed witness may make a confidentiality designation within 21 court days of receiving the final deposition transcript by identifying those specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are designated for protection, either on the record or within the 21-day period, shall be covered by the provisions of this Order. Transcripts containing Protected Material shall have a legend on the title page that the transcript contains Protected Material. Any transcript that is prepared before the expiration of a 21-day period shall be treated during that period as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated; and

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

No party shall be found to have violated the Order for failing to maintain the confidentiality of information during a time when that material has not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," even where the failure to so designate was inadvertent and where the information is subsequently designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging (*e.g.*, by Bates number for documents) and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice, unless otherwise agreed.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention.  If the parties cannot resolve a challenge without Court intervention, they shall comply with the discovery dispute procedure outlined in Judge DeMarchi's Standing Order for Civil Cases (and in compliance with Civ. L.R. 79-5, if applicable).  In addition, the Challenging Party may seek relief with respect to challenging a confidentiality designation at

1    any time if there is good cause for doing so, including a challenge to the designation of a deposition

2    transcript or any portions thereof.  In any discovery letter brief filed pursuant to this provision, the

3    parties shall attest that they have complied with the meet and confer requirements imposed by the

4    preceding paragraph and the Standing Order for Civil Cases.

5         The burden of persuasion in any challenge proceeding shall be on the Designating Party.

6    Frivolous challenges or challenges made for an improper purpose or purpose not reasonably related

7    to this action are prohibited.  Unless the Designating Party has waived the confidentiality

8    designation by failing to seek Court intervention as described above, all parties shall continue to

9    afford the material in question the level of protection to which it is entitled under the Producing

10   Party's designation until the Court rules on the challenge.

11   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

12        7.1    Basic Principles.  All Disclosure or Discovery Material that is disclosed or

13   produced by another Party or by a Non-Party, whether or not designated as "CONFIDENTIAL"

14   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall be used by the Receiving

15   Persons solely for the purposes of this litigation, and solely to the extent reasonably necessary to

16   accomplish the purpose for which disclosure is made, and shall not be used for any other purpose,

17   either directly or indirectly, including any other litigation or judicial proceedings, or any business,

18   competitive, governmental, commercial, or administrative purpose or function.  For avoidance of

19   doubt, the foregoing sentence does not restrict the use of documents included in Disclosure or

20   Discovery Material that are made publicly available through other means (e.g. published news

21   articles, final SEC filings or documents publicly-filed in this matter).

22        To the extent such Disclosure or Discovery Material is also Protected Material, it may be

23   disclosed only to the categories of persons and under the conditions described in this Order.  When

24   the litigation has been terminated, a Receiving Party must comply with the provisions of section

25   13 below (FINAL DISPOSITION).

26        Protected Material must be stored and maintained by a Receiving Party at a location and in

27   a secure manner that ensures that access is limited to the persons authorized under this Order.

28

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel (as defined in this Order), as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (excluding House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, videographers and their staff, and mediators to whom disclosure is reasonably necessary for this litigation;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  witnesses in the action to whom disclosure is reasonably necessary;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

(i) any other person upon order of the Court or by agreement of the Parties.

7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters and their staff, videographers and their staff, and mediators to whom disclosure is reasonably necessary for this litigation;

(e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment;

(g)  client representatives of a Party involved in the decision-making process related to this Action if such client representative signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  witnesses in the action to whom disclosure is reasonably necessary;

(i)  the author or recipient of a document containing the information; and

(j)  any other person upon order of the Court or agreement of the Parties.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)  notify the Designating Party in writing, promptly, and in no event, more than three (3) court days after receiving the subpoena or court order.  Such notification shall include a copy of the subpoena or court order;

(b)  notify the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall be prompt, and in no event be made more than 3 court days after receiving the subpoena or court request, and shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in the appropriate court of the Protected Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from any court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection,

the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless instructed otherwise by the Court.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in section 4, each Receiving Party must make commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must certify in writing to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that it has complied with this section. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 2, 2021           /s/ *John Rizio-Hamilton*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
JOHN RIZIO-HAMILTON (*pro hac vice*)
(johnr@blbglaw.com)
MARK LEBOVITCH (*pro hac vice*)
(markl@blbglaw.com)
ABE ALEXANDER (*pro hac vice*)
(abe.alexander@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

JONATHAN D. USLANER (Bar No. 188574)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3472

*Attorneys for Lead Plaintiff Union Asset Management Holding AG and Lead Counsel for the Class*

DATED: July 2, 2021           /s/ *Robert W. May*

MORRISON & FOERSTER LLP
JORDAN ETH (Bar No. 121617)
JEth@mofo.com
MARK R.S. FOSTER (Bar No. 223682)
MFoster@mofo.com
ROBERT W. MAY (Bar No. 295566)
RMay@mofo.com
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants Oracle Corporation, Safra A. Catz, Paula R. Hurd, as Trustee of the Hurd Family Trust, Lawrence J. Ellison, and Ken Bond*

JAMES C. MAROULIS (Bar No. 208316)
ORACLE CORPORATION
500 Oracle Parkway
Mail Stop 5OP7

Redwood City, CA 94065
Tel: (650) 506-5200
Fax: (650) 506-7114

*Attorney for Defendant Oracle Corporation*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____    _____

                                           HONORABLE BETH LABSON FREEMAN
                                         UNITED STATES DISTRICT JUDGE

## <u>ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))</u>

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  July 2, 2021     BERNSTEIN LITOWITZ BERGER &
             GROSSMANN LLP

             */s/ John Rizio-Hamilton*
            John Rizio-Hamilton

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order (the "Order") that was issued by the United States

District Court for the Northern District of California in the case of *In re Oracle Corporation

Securities Litigation*, Case No. 5:18-4844-BLF (N.D. Cal.).  I agree to comply with and to be

bound by all the terms of the Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____