# Exhibit G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re LENDINGCLUB SECURITIES LITIGATION, | ) | Case No. 3:16-cv-02627-WHA |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| ALL ACTIONS | ) | DATE: October 12, 2017 |
| | ) | TIME: 8:00 a.m. |
| | ) | COURTROOM: 8, 9th Floor |
| | ) | JUDGE: The Honorable William Alsup |

EXPERT REPORT OF BJORN I. STEINHOLT, CFA

August 22, 2017

> announced material statements about companies, thereby affecting stock market prices." . . .
>
> The academic debates discussed by Halliburton have not refuted the modest premise underlying the presumption of reliance. Even the foremost critics of the efficient-capital-markets hypothesis acknowledge that public information generally affects stock prices.[9]

14. Second, in an efficient market, the impact of the alleged misrepresentations (or inflation) can be estimated, and class-wide damages quantified, based on an analysis of the market prices using an event study.[10] This is so because the "alleged misrepresentations and omissions, whether material or immaterial, would be so equally for all investors composing the class," and that, therefore, the Class "will prevail or fail in unison."[11] Importantly, while the inflation per share may be different for different Class members depending on when they purchased (or sold) their shares, the methodology for quantifying the damages is the same for all Class members.

15. In *Cammer v. Bloom*, the court analyzed the criteria that should be evaluated in determining whether a market is efficient.[12] The *Cammer* court asked for evidence that the stock traded in an open and developed market, and provided five factors to assess market efficiency, including evidence showing that the market participants had the sophistication to understand the economic implications of new and material information (market makers/institutions), that they analyzed the information (analyst coverage), and that they traded on the information (trading

---

9 *Halliburton Co. v. Erica P. John Fund, Inc.*, _U.S._, 134 S. Ct. 2398, 2410 (2014) (citations omitted) (some alteration in original).

10 *See, e.g.*, Mark L. Mitchell & Jeffry M. Netter, *The Role of Financial Economics in Securities Fraud Cases: Applications at the Securities and Exchange Commission*, 49 Bus. Law 545 (1994).

11 *Amgen*, 133 S. Ct. at 1191.

12 *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989).

reasonable for investors to rely on the integrity of the market price of LendingClub's common stock during the Class Period, as reflecting all publicly available information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of August, 2017, in San Diego, California.

Respectfully submitted,

Bjorn I. Steinholt, CFA