UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SUNRISE FIREFIGHTERS' PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-04844-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS RELATED TO MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPOINTMENT OF COUNSEL**<br><br>[Re: ECF No. 106] |

Before the Court is Lead Plaintiff Union Asset Management Holding AG's ("Union") Administrative Motion to File Under Seal portions of and exhibits to its Motion for Class Certification, Appointment of Lead Plaintiff, and Appointment of Counsel. Union moves to seal portions of and exhibits to the Motion because they contain information designated as confidential by Defendants pursuant to the parties' Protective Order. *See* Administrative Motion, ECF No. 106; Stipulated Protective Order, ECF No. 104.

Based on the below reasoning, the Court DENIES Union's Administrative Motion WITHOUT PREJUDICE to filing a renewed sealing motion complying with the Local Rules.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

1135 (9th Cir. 2003)).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-99). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Further, "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect a court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(c) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."

2

Civ. L.R. 79-5(c)(1)(ii).

Furthermore, when a party (the "Moving Party") seeks to seal a document that has been designated as confidential by another party or non-party (the "Designating Party"), the Moving Party must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in [Civil Local Rule 79-5(c)(1)." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration." Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

Union moves to seal portions of and exhibits to its Motion for Class Certification because they contain information that Defendants have designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *See* Rizio-Hamilton Decl., ECF No. 106-1 ¶¶ 3–5. Union does not provide any reason the information should be sealed other than its confidentiality designation under the Protective Order.

The Court hereby DENIES Union's Administrative Motion. Under Local Rule 79-5(c), "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c). Since Union's only provided reason for sealing the documents at issue in the Administrative Motion is that they contain information designated confidential under the Protective Order, Union has failed to establish that the documents are sealable under Local Rule 79-5(c). *See* Rizio-Hamilton Decl., ECF No. 106-1 ¶¶ 3–5.

Further, Union indicates that the documents at issue in the Administrative Motion contain information Defendants—not Union—designated as confidential under the Protective Order. *See id.* However, Union has failed to comply with the procedure for moving the Court to consider whether another party's material should be sealed under Local Rule 79-5(f). Accordingly, Union's Administrative Motion is deficient for this reason as well.

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Union's Administrative Motion is DENIED WITHOUT PREJUDICE; and
2. Union SHALL file a renewed administrative motion to seal **on or before March 9, 2022** complying with this Court's Local Rules.

Dated: March 4, 2022

_____
BETH LABSON FREEMAN
United States District Judge