# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *In re Oracle Corporation Securities Litigation* | Case No. 18-cv-04844-BLF<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a class action is pending in this Court entitled In re Oracle Corporation Securities Litigation, Case No. 18-cv-04844-BLF (the "Action");

WHEREAS, in an Order dated October May 9, 2022, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of Oracle Corporation ("Oracle") during the period from May 10, 2017 through June 20, 2018, inclusive (the "Class Period"), and who were damaged thereby;[1]

WHEREAS, (a) Lead Plaintiff, Union Asset Management Holding AG ("Lead Plaintiff"), on behalf of itself and the Class, and (b) defendants Oracle and Safra A. Catz, Paula R. Hurd, as Trustee of the Hurd Family Trust, Lawrence J. Ellison, Ken Bond, Thomas Kurian, and Steve Miranda (collectively, the "Individual Defendants," and, together with Oracle, "Defendants," and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 23, 2022 (the "Stipulation"), which provides for a complete dismissal with

---

[1] Excluded from the Class are (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an Officer or director of Oracle during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) parents or subsidiaries of Oracle; (vi) the legal representatives, agents, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Class are the persons and entities set forth in Exhibit 1 hereto.

prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated September 15, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on January 12, 2023 (the "Settlement Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 11, 2022; and (b) the Notice and the Summary Notice, both of which were filed with the Court on December 8, 2022.

3. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval

2

Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate, taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.

5. **Objections** – As the Court stated at the hearing, an objection was submitted by Scott Noyes. *See* ECF No. 143. He objects to the Settlement and the requested fees and expenses on the basis that he believes it is unjust that defendants who have not been convicted should be required to pay $17.5 million and that lawyers should earn millions of dollars despite "failing to prove their case." *See id.* He continues that it is unfair that lead plaintiff can pay their attorney

1  out of the settlement, but an individual class member who wanted to hire an attorney would be
2  required to pay out of pocket. *Id.* These objections do not get to the merits of the Settlement;
3  rather, Mr. Noyes seems to be objecting to class action settlements on principle. The Court
4  overrules the objection. The Court also received an informal letter from Paul J. Niebauer about
5  the Settlement. *See* ECF No. 142. He states that he does not wish to spend time attempting to
6  understand the contents of the "16 pages of legal documentation" he received about the
7  Settlement, and he will not hire an attorney to do so. *Id.* He further states that he does not know
8  the facts of the allegations in the case and, "in the absence of a due process court determination of
9  guilt, or an admission of guilt from the company," he wishes to give Oracle "the benefit of doubt."
10  *Id.* He therefore states he wishes to release any rights he has in the Settlement and assign them to
11  Oracle. *Id.* Mr. Niebauer does not object to the terms of the Settlement. To the extent this letter
12  can be considered an objection, the Court overrules it.

13      6.    The Parties are directed to implement, perform, and consummate the Settlement in
14  accordance with the terms and provisions contained in the Stipulation.

15      7.    The Action and all of the claims asserted against Defendants in the Action by Lead
16  Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear
17  their own costs and expenses, except as otherwise expressly provided in the Stipulation.

18      8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever
19  binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not
20  any individual Class Member submits a Claim Form or seeks or obtains a distribution from the
21  Net Settlement Fund), as well as their respective successors and assigns. The persons and entities
22  listed on Exhibit 1 hereto timely excluded themselves from the Class and are not bound by the
23  terms of the Stipulation or this Judgment.

24      **9.**    **Releases**

25      (a)    Upon the Effective Date, Lead Plaintiff and each of the other Class Members, on
26  behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators,
27  predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now
28  or in the future) through or on behalf of any of them directly or indirectly, regardless of whether

4

such Lead Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (i) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendants' Releasees, and shall have covenanted not to sue any of the Defendants' Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Stipulation or this Judgment; and (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendants' Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

   (b) Upon the Effective Date, Defendants, on behalf of themselves, and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly: (i) shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, and discharged each and all of the Released Defendants' Claims against Lead Plaintiff and each and all the other Plaintiffs' Releasees, and shall have covenanted not to sue any of the Plaintiffs' Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Stipulation or this Judgment; and (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims (including any Unknown Claims) against any of the Plaintiffs' Releasees in any action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. This Release shall

not apply to any person or entity listed on Exhibit 1 hereto.

  (c) Notwithstanding paragraphs 7(a)-(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

  10. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

  11. **No Admissions** – This Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, or any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall not be deemed to be, and may not be argued to be or offered or received:

  (a) against any of the Defendants' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or Defendants' Releasees, or other wrongdoing of any kind of any of the Defendants' Releasees, nor in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

  (b) against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had

6

meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, nor in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     against any of the Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could be or would have been recovered after trial of the Action; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially

7

limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action as of May 27, 2022, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

Dated: January 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge

8

**Exhibit 1**

1. Aaron Abella
Parkland, FL

2. Beverly F. Char
Waltham, MA

3. Sandra Lee Chrisman,
Individually and as Trustee of the
Estate of Edgar Rollen Chrisman
Gallatin, MO

4. James C. Collins
Ramona, CA

5. Evan Craig
Vernon Hills, IL

6. James Brent Hazen
Bowie, TX

7. Fred Douglas Hudson
Virginia Beach, VA

8. Jack B. Lyle
West Melbourne, FL

9. Estate of Carroll E. Mahaney
Vestavia, AL

10. Malta Pension Investments
St. Julians, Malta

11. Roberta H. Matthews Trust
Richmond, VA

12. Joshua Mayer
Colorado Springs, CO

13. Jennie M. Miller
Winter Park, FL

14. Steven J. Neralich and
Sandra S. Neralich
St. Louis, MO

15. Rita H. Ousterhout
Palo Alto, CA

9

16. Judith K. Papka
Rockford, IL

17. Wesley P. Prichard
Colorado Springs, CO

18. Daryn M. Puhala
Orwigsburg, PA

19. Benjamin E. and Kathleen M. Ramp Living Trust and Trustees Kathleen M. Ramp and Benjamin E. Ramp
Geneseo, IL

20. J. Michael Russell
Sheet Harbor, Nova Scotia CANADA

21. Pamela R. Sherwood
Sleepy Hollow, NY

22. Judy A. Simmons on behalf of Zachary R. Simmons
Graham, NC

23. Barbara A. Spadafora, Individually and on behalf of the Estate of Frank M. Spadafora and Trust of Barbara A. and Frank M. Spadafora
Glassboro, NJ

24. Estate of Lloyd A. Thomas
Ann Arbor, MI

25. Cynthia S. Tiger
Loveland, CO

26. Yepidale International Ventures Limited
Campinas, Sao Paulo, BRAZIL

27. Mary Bernice Ebert
Seattle, WA

28. Dennis E. Little and Jean M. Little
Palmyra, SC

29. Ken R. Scrivner
Broken Arrow, OK

30. Valerie Vogt
Milford, CT

31. Sally Watson
Powell River, BC CANADA